Vance *et al. v.* Gamble, administrator.

1. Where the plaintiff offered in evidence a deed essential to the making out of his case, and a special issue as to the genuineness of such deed was made up and tried under section 2712 of the code, which resulted in a verdict finding that the deed was a forgery, it was the right of the plaintiff to move for a new trial of this issue, and within the power and jurisdiction of the court to grant a new trial thereon, although the main case had proceeded to trial and the plaintiff had been nonsuited. In the present case there was no error in granting a new trial.
2. Whether granting the new trial would of itself have the effect to set aside the judgment of nonsuit and reinstate the main case or not, this court, in the exercise of the power conferred upon it by section 4284 of the code, so directs.

April 1, 1895. By two Justices. Brought forward from the last term.

Equitable petition. Before Judge Henry. Walker superior court. February term, 1894.

R. M. W. Glenn and Copeland & Jackson, for plaintiffs in error. Lumpkin & Shattuck, *contra.*

Simmons, Chief Justice.

Gamble, as administrator, filed his equitable petition against Vance, alleging that a certain tract of land belonged to the estate of his intestate, and seeking to enjoin the defendant from trespass and waste thereon. The plaintiff claimed title under a deed to the land purporting to have been made to his intestate by one Sanford, January 7, 1852, and recorded February 2, 1892. The defendant filed an affidavit that the deed was a forgery, and the court required an issue as to the genuineness of the deed to be tried separately, as provided by section 2712 of the code. The jury upon the trial

of this issue found that the deed was a forgery, and the court then proceeded with the trial of the main case, and after hearing the evidence for the plaintiff, granted a nonsuit; whereupon the plaintiff made a motion for a new trial. The motion for a new trial was upon the grounds that the verdict was contrary to law, evidence, etc., but did not complain of the nonsuit. The court granted a new trial and set aside the verdict of forgery; and to this judgment the defendant excepted.

1. It was contended on the part of the plaintiff in error, that the issue of forgery being merely a collateral issue and the main case having been adjudicated against the plaintiff by a nonsuit, there was nothing on which to predicate a motion for a new trial. This contention is answered by section 3712 of the code, which declares that "the several superior courts of this State shall have power to correct errors, and grant new trials in any cause or *collateral issue* depending in any of the said superior courts," etc. This being the first grant of a new trial, this court will not interfere with the discretion of the trial judge.

2. Whether granting a new trial would of itself have the effect to set aside the judgment of nonsuit and reinstate the main case or not, is not decided. This court has the right to direct that the case be reinstated (see Code, §4284; *Central Railroad* v. *Kent*, 91 *Ga.* 693, and cases cited); and it is so ordered.

*Judgment affirmed, with direction.*