## 1580.  LEWIS v. THE STATE.

1. Four persons jointly indicted and jointly tried for the offense of riot were convicted. On certiorari assigning error on this conviction, solely on the ground that the verdict was without any evidence to support it, the superior court sustained the certiorari as to three of the defend- ants, and overruled it as to the other. *Held,* error in overruling the certiorari as to the one, because one person can not commit the offense of riot. The joint action of two or more is legally necessary to con- stitute this offense.

2. Where four persons are indicted for the offense of riot, and there is no allegation that others, to the grand jurors unknown, participated in the riot, and the four persons are convicted, and on certiorari a new trial is granted to three of the defendants, a new trial should also be granted to the other defendant.

Certiorari, from Greene superior court—Judge Lewis. Novem- ber 18, 1908.

Argued January 13,—Decided January 27, 1909.

*George A. Merritt,* for plaintiff in error.

*J. E. Pottle,* solicitor-general, *James Davison, Park & Park;* contra.

HILL, C. J. Lewis, Pearce, Atwood, and Jeter were convicted, in the county court of Greene county, of the offense of riot. There- upon they petitioned the superior court for the writ of certiorari, which was granted. On the hearing of the certiorari the judge of the superior court entered an order sustaining it as to three of the petitioners and overruling it as to Lewis; and from this judg- ment he brings error. In their petition for the writ of certiorari no complaint is made of any specific error of law, the one error as- signed being that there was no evidence to support the verdict; and upon this one assignment of error the court overruled the cer- tiorari as to the plaintiff in error, but sustained it as to the other three defendants, and, as to them, remanded the case for another trial.

There is some evidence in the record which tends to show that all of the defendants (or plaintiffs in certiorari) participated in the offense with which they were charged, and if the superior court had seen proper to overrule the certiorari as to all of the petitioners, or had remanded it for a new trial as to all of them, this court would not have disturbed the judgment. But we are clear that the judgment sustaining the certiorari as to the three and overruling

it as to the remaining one is without legal support. Riot, at common law, required the participation of three or more persons with common intent and concert of action in the commission of the offense. Our statute (Penal Code, §354) changes the definition of the common law only by reducing the number who must participate in the offense from three to two persons. In this State, therefore, the statutory offense of riot can not be committed by one person. There must be at least two persons participating in an unlawful act of violence, or any other act in a violent and tumultuous manner, before this offense can be committed. In other words, it is a joint offense, for which one person alone can not be indicted or convicted. The general rule is that all the persons who participate in the unlawful act must be set forth in the indictment; but it can name one person who acted jointly with others whose names are unknown to the grand jurors; and if the evidence shows that the party named, jointly with one or two others whose names are unknown, participated in the unlawful act of violence, or any other act in a violent and tumultuous manner, charged in the indictment, this would be sufficient to convict the one named of the offense. In the accusation in question all of the persons who were charged to have participated in the unlawful act of violence were named, and all were convicted, but the reviewing court, on certiorari, sustained the assignment of error that the verdict was without support of evidence as to three of the defendants, thus leaving only one defendant, in the opinion of the court, guilty of the offense charged, under the evidence. It was a legal impossibility for this one alone to commit this offense, and the finding of the court is tantamount to a verdict of acquittal as to the three and of conviction as to the one. The Supreme Court, in Martin v. State, 115 Ga. 255 (41 S. E. 576), following a long line of decisions in England and in this country, held that where several persons are indicted for a riot and the proof shows the guilt of only one, all must be acquitted, unless the indictment contain the allegation that the defendant committed the offense of riot simul cum aliis juratoribus ignotis. In Turpin v. State, 4 Blackf. (Ind.) 72, an indictment was against three persons for riot. There was a verdict of guilty as to one, and of not guilty as to the others. It was held that upon this verdict judgment could not be rendered against the defendant found guilty, though it would have been au-

32

thorized if the indictment had been against the defendant together
with others whose names were unknown. In Rex v. Scott, 3 Burr.
1264, the great English jurist, Lord Mansfield, tersely covers the
point now under consideration, as follows: "Six were indicted;
two of them are acquitted; two are dead, untried. The jury have
found these two to be guilty of a riot: consequently, it must have
been together with those two who have never been tried; as it
could not otherwise have been a riot." And this is the rule laid
down by all of the criminal writers and upheld by all the deci-
sions of the courts on this subject, in England and in this country.

What we have said above would not apply to a case where there
is a severance and a separate trial of each defendant; for then
the acquittal of the one first tried would not operate to acquit the
others. This under our Penal Code, §969. *Rachels* v. *State,* 51
*Ga.* 375. We therefore conclude that the learned judge of the
superior court, for the reasons stated, erred in not sustaining the
certiorari as to the plaintiff in error.          *Judgment reversed.*