### 4568. NOBLES *et al. v.* THE STATE.

1. Where two or more persons are jointly indicted and put on trial for an offense for which one may be convicted and the others acquitted, each is entitled to the same number of peremptory challenges as would be allowed him if the case against him had been tried separately. This rule is applicable in misdemeanors as well as in felony cases.
2. Where the sayings and conduct of one assaulted do not, as a matter of law, justify the assault, it is not error so to instruct the jury. Lawful questions, in good faith propounded to a witness by a member of a grand jury, afford no justification for a battery afterwards committed upon the grand juror by a relative of the person whose conduct was under investigation in the grand-jury room.
3. The law relating to the defense by one brother of another in peril was not applicable to any theory of the evidence, and the trial judge properly refused to give such law in charge to the jury.

DECIDED FEBRUARY 18, 1913.

Indictment for assault and battery; from Laurens superior court —Judge Hawkins. November 20, 1912.

*T. E. Hightower, J. G. Howard,* for plaintiffs in error.
*W. A. Wooten, solicitor-general, E. D. Graham,* contra.

POTTLE, J. Three brothers were jointly indicted and tried for the offense of assault and battery. One was acquitted and two were convicted. Those convicted filed a motion for new trial, which was overruled, and they excepted.

1. The prisoners consented to be tried jointly. Upon arraignment they moved the court to allow them twenty-one peremptory challenges. This motion was denied and the prisoners were allowed only seven strikes. At common law, defendants jointly in-

dicated had no right to sever, but the crown could require them
to do so. The crown had no right of peremptory challenge at all,
but the prisoner had. This right of the prisoner to peremptory
challenges was, however, confined to felony cases. Such challenges
were not allowed in misdemeanors. 24 Cyc. 232; 4 Bl. Com. 353
(6). It seems that unless the statute confers upon one jointly in-
dicted the right to a separate trial, it is discretionary with the court
whether the defendants shall be tried jointly or separately. 12
Cyc. 505. The general rule is, that, unless there is some statute
which expressly or by reasonable construction confers upon persons
jointly indicted the right of peremptory challenge as if they were
tried separately, such right does not exist. 1 Thomp. Trials (2d.
ed.), § 45. In this State, where persons are jointly indicted, any
one of them may demand a separate trial, and the State also has
the right of severance. Penal Code, § 995. In felony cases "every
person indicted" is allowed a specified number of peremptory chal-
lenges, varying with the different classes of felonies. Penal Code,
§ 1000. It is the settled law of this State that a proper con-
struction of this statute requires that, where two are tried jointly
for an offense for which one may be convicted, though the other be
acquitted, each is entitled to his full statutory allowance of per-
emptory challenges. *Cruce* v. *State,* 59 *Ga.* 84; *Cumming* v. *State,*
99 *Ga.* 663 (27 S. E. 177); *Rawlins* v. *State,* 124 *Ga.* 48 (52 S. E.
1). It is insisted in behalf of the State that this rule is not appli-
cable in misdemeanor cases, and that as to such cases there is no
statute which permits separate challenges where the persons are
jointly tried. It is, of course, conceded that in misdemeanor cases
the prisoners have the right of severance just as in felony cases.
Bearing in mind the general rule, that the right to separate chal-.
lenges does not exist unless conferred by statute, the question pre-
sented depends upon the construction of sections 858, 861 of the
Penal Code. Section 858 provides that in civil cases and in cases of
misdemeanors each party may demand a full panel of twenty-four
jurors from which to strike. Section 861 provides that from this
panel "the accused shall have the right to challenge seven peremp-
torily, and the State five." The right to challenge and the right to
sever go hand in hand. At common law the prisoners could not
sever. They are permitted to do so in this State, and there is no
distinction between felony and misdemeanor cases. The statute al-

lowing peremptory challenges in felony cases is not more mandatory than the statute which allows such challenges in misdemeanors. In the first class of cases the statute requires that "every person indicted" shall be allowed to challenge so many peremptorily. In misdemeanor cases the language is that "the accused" shall have the right to challenge seven peremptorily. We do not see how it can be successfully argued that the rule which has been held by the Supreme Court to be applicable to felony cases should not also be applied in misdemeanor cases. Before the decision in the *Cruce* case, it was very seriously doubted whether the prisoner should be allowed separate challenges in felony cases. So in *Hawkins* v. *State,* 13 *Ga.* 322, it was held that persons jointly indicted for an affray should not be allowed separate challenges, though this ruling was put upon the ground that the offense charged was a joint one and the acquittal of one was the acquittal of all. The rule being now well settled, however, that in felony cases persons jointly indicted are entitled to separate challenges, we see no reason why the same rule should not apply in misdemeanor cases. The refusal of the court to permit separate challenges deprived the defendants of a substantial right and entitled them to a new trial.

2. The difficulty between the accused and the prosecutor grew out of an investigation which had been made before the grand jury of which the prosecutor was foreman. It seems that the prosecutor had inquired of witnesses, in the grand-jury room, if they had not bought whisky from the wife of one of the accused and the mother of all three of them. For this the accused took the prosecutor to task, and the assault and battery upon him resulted. The accused claimed, in their statements on the trial, that the prosecutor struck first, but he denied this and testified that the accused attacked him solely because of the investigation in the grand-jury room. The court charged the jury that the conduct of the prosecutor as foreman of the grand jury, in interrogating the witnesses in reference to the matter under investigation, afforded no provocation for the assault upon him by the accused. There was no error in this instruction. Opprobrious words or abusive language may justify a battery, it being for the jury to determine whether the provocation is sufficient. Penal Code, § 103. Where, however, language used by one assaulted would not,

as a matter of law, justify an assault upon him, it is not error to charge the jury that the use of such language would be no defense. More especially is this true, where the language claimed to be offensive was not used in the presence of the person making the assault. *Berry* v. *State,* 105 *Ga.* 683 (31 S. E. 592).; *Cole* v. *State, 2 Ga. App.* 734 (59 S. E. 24).

3. There was nothing in the evidence to require an instruction upon the legal right of one brother to defend another in peril. Under the State's theory of the case, the accused made an unprovoked assault upon the prosecutor, having conspired together for this purpose. Under the theory of the accused, they struck the prosecutor after he had first assaulted them.

*Judgment reversed.*