## James *et al. v.* Steele, administrator.

Hill, J.   In an equitable action to quiet title to land, the plaintiff offered in evidence a certified copy of a deed essential to the making out of his case. The defendant thereupon tendered an affidavit of forgery under the provisions of the Civil Code, § 4210. By consent there was a separate trial of the collateral issue thus made before the jury which had been selected and sworn to try the main case. The verdict was in favor of the genuineness of the deed. The court then ordered the trial of the main case to proceed before the same jury, and at the conclusion of the evidence offered by both sides directed a verdict in favor of the plaintiff. The defendant moved for new trial, the motion not specifying which verdict was complained of, but containing grounds based on rulings on the trial of the collateral issue, and other grounds based on some rulings made on the trial of the main case. There was no motion to dismiss the motion for new trial at the hearing, as provided in section 3 of the act approved August 21, 1911 (Acts 1911, p. 150). The judge overruled the motion for new trial, and the defendant excepted. *Held:*

1. The several assignments of error based on all of the grounds of the motion for new trial will be considered, notwithstanding there were two verdicts, and but one motion for new trial.

2. The jury having been stricken and sworn, and the trial of the main case having proceeded to the examination of witnesses when the issue of forgery was tendered, and the defendants who raised the issue of forgery having consented to the trial of that issue separately before the jury already empaneled, there was no error, after the return of the verdict finding in favor of the genuineness of the deed, in ordering the trial of the main case to proceed before the same jury, over objections urged by the defendants.

3. On the special issue of forgery, the sole question being as to the factum of the deed (*Smith* v. *Stone*, 127 *Ga.* 483 (3), 56 S. E. 640), it was erroneous to admit in evidence a deed made by Flora Smith to the plaintiff's intestate, which contained a recital that the land therein conveyed was the same land conveyed by John M. James to Flora Smith in deed dated Oct. 3, 1892, the deed last referred to being the one attacked as a forgery.

4. For the same reason, it was erroneous to charge the jury as follows: "Now, gentlemen, evidence has been admitted as to the possession of Mrs. Flora Smith of this land, or possession of the property by her, and it is admitted for the purpose of illustrating, if it does, whether she had title to the property, and whether this deed that is attacked was a genuine deed or a forgery, and only for that purpose of illustrating whether this deed was a forgery or not a forgery. And so the admissions of L. W. James will be considered as illustrating that question, if they do illustrate it."

5. When the statutory affidavit of forgery was filed, the burden of proving the genuineness of the deed was upon the party who offered it in evidence. *Sapp* v. *Cline*, 131 *Ga.* 433 (5, 6) 434 (62 S. E. 529). The evi-

dence in this case was insufficient to prove the existence and genuineness of the alleged original deed, and it was erroneous to admit in evidence what purported to be a certified copy thereof.

6. In view of the admission by one of the defendants of the truth of paragraph 5 of the original petition, and of the omission of the other defendants to deny it or to state their inability to admit or deny for the want of sufficient information, there was no error in admitting in evidence a letter referred to in that paragraph, and in refusing to rule it out later upon motion.

7. The rulings made in the preceding notes require a setting aside of the verdict on the issue of forgery. And whether or not the reversal of the judgment on that issue would operate as a reversal of the judgment on the main case, direction is given, under the provisions of the Civil Code, § 6205, that the verdict in the main case be set aside and the case be reinstated. *Vance* v. *Gamble*, 95 *Ga.* 730 (22 S. E. 576).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

No. 230. JANUARY 16, 1918. REHEARING DENIED FEBRUARY 16, 1918.

Equitable petition. Before Judge Ellis. Fulton superior court. January 31, 1917.

*D. K. Johnston,* for plaintiffs in error. *James L. Key,* contra.