### 19727.   O'QUINN *et al. v.* THE STATE.

DECIDED JUNE 11, 1929.

*J. B. Moore, J. P. Highsmith,* for plaintiffs in error.
*Wade H. Watson, solicitor,* contra.

LUKE, J.   Isham O'Quinn and his wife, Mrs. Bertha O'Quinn, were jointly charged with the offense of riot, and were jointly tried and convicted. They demurred to the accusation, and, on the overruling of the demurrer, filed exceptions pendente lite. In their bill of exceptions they assign error on the overruling of the demurrer, and on the overruling of their motion for a new trial.

The accusation was sufficient to withstand the demurrer.

The substance of the testimony is that Isham O'Quinn went to the home of Miss Annie Laurie Heape, who was living at the home of Mr. and Mrs. Lightsey, and demanded that she pay him

for an incubator, or for the use of the incubator. Miss Heape stated that the incubator was no good, and that she had turned it back and did not owe anything on it. O'Quinn "became very angry and cursed, and said he was going to get his wife and bring her over there and have her to beat hell out of Miss Heape." He did go and got his wife and brought her back, and then "took the baby from his wife and told her to go ahead." Mrs. Lightsey asked O'Quinn "to take his wife away, and he refused to do so." Miss Heape told Mrs. O'Quinn "not to come in, and that if she did I would strike her with the chair. She, Mrs. O'Quinn, came upon the porch and appeared to be in a rage. She used a lot of bad language and picked up a hot iron that was on the porch where the girls had been ironing. Mrs. Lightsey prevented her from coming in. She then started around the house, and when she got to a window threw the iron at me through the window." Mrs. O'Quinn, in her statement at the trial, did not deny that she went there, or that she "used a lot of bad language," or that she threw the hot iron through the window at Miss Heape; but she did state that she was not guilty of the offense charged, and "that her husband did not have anything to do or say in it."

There is no merit in the general grounds of the motion for a new trial. According to the testimony, Isham O'Quinn said he was going to get his wife and have her beat hell out of the prosecutrix, and he did go and get her, and refused, upon request, to take her away, and took the baby from her and told her to go ahead. Mrs. O'Quinn did "go ahead," according to the evidence. "If two or more persons do an unlawful act of violence, or any other act in a violent and tumultuous manner, they shall be guilty of a riot." Penal Code (1910), § 360. And "all persons connected with and sharing in the *common purpose* of the assembly were guilty of riot, whether their conduct was violent and tumultuous or not." *Green* v. *State,* 109 *Ga.* 536 (2) (35 S. E. 97). (Italics ours.)

The first special ground of the motion for a new trial alleges that the defendants were tried jointly; that under the act creating the city court of Baxley, as amended, the defendant has four strikes and the State two; that movants contended that they were entitled to four strikes or challenges each, giving them together eight strikes; that the court ruled that the defendants were *not each* entitled to four strikes, but together were entitled to four strikes; and that this

ruling was error. Neither the State nor the defendants elected to sever. There was no evidence or allegation that any unknown party, or any one other than the two defendants on trial, participated in the alleged riot. It is settled by section 360 of the Penal Code (1910), and by *Lewis* v. *State, 5 Ga. App.* 496 (63 S. E. 570), that the offense of riot "is a joint offense for which one person alone can not be indicted *or convicted,*" unless it be shown that the party named, jointly with one or more others whose names are unknown, participated in the unlawful act or acts that constitute the offense of riot. In the instant case, since only the two defendants were involved, if one were acquitted, the other alone could not have been guilty of riot; and consequently the acquittal of one meant the acquittal of both. It takes two or more to commit the offense of riot. It is the general rule that "where there is a joint trial under a joint indictment, each defendant may challenge the whole number of jurors to which he would be entitled if tried separately;" and thus each defendant would get the benefit of his own challenges and the challenges of his codefendants. However, in this State there is a well recognized exception to this rule; and that exception is that where two persons are jointly indicted for an offense that requires their joint action or concurrence, such as riot or affray, and there is no allegation or contention that any other person participated in the crime, and neither the State nor the defendants elect to sever, and the defendants are tried jointly, and the acquittal of either will operate as an acquittal of both, they may be required to join in their challenges. This exception to the general rule was followed by the Supreme Court in 1853, and has been consistently followed ever since. An affray, like a riot, requires two or more persons (see sections 360 and 361 of the Penal Code), and the Supreme Court, in *Hawkins* v. *State,* 13 *Ga.* 322 (58 Am. D. 517), in passing on a motion for a new trial where two were indicted for an affray, said: "The defendants are to be tried together, and for the purposes of the trial and in making their defense, are to be considered as having one common interest; and this view of the question disposes of the objections made to the refusal of the court to allow each defendant to strike seven of the jurors peremptorily. . . Where two are indicted for an affray, the successful defense of one will operate as an acquittal of both. . . Let the judgment of the court below be affirmed." Since the

ruling of the Supreme Court quoted above, this court has by direction of law refrained from conflicting therewith. In *Cruce* v. *State*, 59 *Ga.* 84 (2), the Supreme Court held that "when two are tried jointly for an offense of which one may may be convicted, though the other be acquitted, . . . each is entitled to his full statutory allowance" of peremptory challenges. The language, "of which one may be convicted, though the other be acquitted," was undoubtedly inserted to distinguish that case from a case where the acquittal of one meant the acquittal of both, as decided in the *Hawkins* case, supra. In the opinion in the *Cruce* case, at page 88, the Supreme Court recognizes the exception to the general rule in this State. It lays down the general rule, and then the exception (13 *Ga.* 324), and says, in effect, that the exception prevailing in this State is denied in some other States, and cites an Ohio case. It is thus recognized that the exception *does prevail* in this State. In *Nobles* v. *State*, 12 *Ga. App.* 355 (77 S. E. 184), this court held: "Where two or more persons are jointly indicted and put on trial for an offense for which *one may be convicted and the others acquitted,* each is entitled to the same number of peremptory challenges as would be allowed him in the case against him had been tried separately." Again, we have the significant clause, "One may be convicted and the others acquitted." We can ascribe no reason for its embodiment in the .headnote except for the purpose of avoiding a conflict with the Supreme Court ruling in cases where the acquittal of one means the acquittal of the other. In the opinion in the *Nobles* case it was said: "So in *Hawkins* v. *State*, 13 *Ga.* 322, it was held that persons jointly indicted for an affray should *not* be allowed separate challenges, though this ruling was put upon the ground that the offense charged was a joint one and the *acquittal* of *one* was the *acquittal of all."* We have not been able to find where this exception has ever been overruled, but on the contrary it seems to have been consistently adhered to. We are convinced that in this State both the general rule and the exception to it are well settled. The trial court did not err in limiting the defendants to four strikes.

■ The second special ground of the motion alleges that the court erred in permitting the prosecutrix to testify over objection of the defendant Bertha O'Quinn, that Isham O'Quinn went to the residence of the prosecutrix, made demand upon her for

payment of the alleged indebtedness, and, upon her refusal to pay, became very angry and cursed, and said he was going to get his wife and bring her over there. and have her beat hell out of the prosecutrix. The evidence shows that Isham O'Quinn carried out his threat; that he did go and get his wife and brought her back, and she attempted to commit a violent injury upon the prosecutrix; and that, after bringing her back, he took the baby from his wife and told her to go ahead after the prosecutrix. The evidence objected to was admissible to show common intent and concert of action and purpose. Concurrence of purpose is essential; and this conduct of Isham O'Quinn was a part of the transaction.

■ The third special ground of the motion for a new trial alleges error because the court "instructed the jury that they should consider the statement of Mrs. O'Quinn as to herself only, and not as to the guilt or innocence of her codefendant, Isham O'Quinn." There was no error in this charge. Under the law a defendant has the right to make to the court and jury "such statement as he deems proper in his *own* defense." "The right of the accused to make to the jury a statement in his defense is strictly a personal privilege." *Brown* v. *State,* 10 *Ga. App.* 50 (5) (72 S. E. 537). The statement of Mrs. O'Quinn was not evidence, and there is no provision of law by which she might become a witness. *Roberson* v. *State,* 12 *Ga. App.* 102 (2) (76 S. E. 752). In this case the defendants were man and wife; but even "on the trial of several persons jointly indicted for murder, the statement of one of them in his own defense, not under oath, can not be considered in determining the guilt or innocence of the other defendants." *Berry* v. *State,* 122 *Ga.* 429 (50 S. E. 345). Under this charge that the jury could consider the statement of Mrs. O'Quinn as to herself only, and not as to the guilt or innocence of her codefendant, the jury could consider everything in Mrs. O'Quinn's statement so far as it affected *her* guilt or innocence. If she stated that her husband had no part in the alleged riot, and that therefore *she* was innocent of the charge, because it took at least two to commit the offense of riot, the jury could have considered this statement so far as it affected *her,* and could have concluded that *she* was not guilty, because no one participated with her, and the crime charged was not proved. This is true even though the acquittal of either of the defendants would result in the acquittal of the other. The

husband could have made a statement in his own behalf, but did not do so. We therefore hold that where a man and his wife are jointly indicted and jointly tried, and the husband makes no statement, and the wife makes a statement not under oath, it is not error for the court to charge the jury that they should consider the statement of the wife "as to herself only," and not as to the guilt or innocence of her codefendant.

The evidence authorized the verdict, which has the approval of the trial judge, and for no reason pointed out in the record did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*