36704.   BUTNER *v.* LORD, Next Friend.

Decided May 20, 1957.

*W. George Thomas*, for plaintiff in error.

*R. Beverly Irwin, Osgood O. Williams*, contra.

GARDNER, P. J. 1. As to the general grounds, the evidence is sufficient to sustain the verdict of the jury.

2. The one special ground assigns error in that it is contended that the court refused to permit counsel for the defendant to strike a jury of his own choosing after counsel for the codefendant had submitted a plea of no partnership to the jury and the court had directed a verdict in favor of the plea of no partnership. Movant contends that the defendant did not "participate in the plea of no partnership, did not aid or assist in striking a jury to determine the plea of no partnership and did not waive his right to strike a jury of his peers to try the main case, but specifically objected to proceeding to trial on the main issue without the right to strike a jury of his own choosing and specifically objected [in] that his constitutional rights were being invaded by the court not permitting him to strike a jury of his own choice."

It appears from this motion for new trial that counsel for the defendant was present at the time the jury was sworn and stricken. The court stated that counsel for the parties could make any statements desirable regarding the contentions of the respective parties. Counsel Irwin stated: "I was just wondering if Mr. Thomas would like to make a statement. He represents one of the defendants." Counsel Thomas replied: "May it please the court, we have not filed any plea of no partnership. They have filed a plea of no partnership, it being a special plea in bar, and we are on the trial of that question in the case and, therefore, I have no right to make any statement." The court stated: "The court will accord you the right to make any statement that you might care to make."

Counsel Thomas made a statement which is not made a part of the motion for new trial. Counsel Irwin stated that Counsel Thomas "made a speech to the jury in the beginning. He sat over there with them and helped strike the jury. He has taken an active part in it . . ." At one point the court asked the following question: "Now, the jury is to be qualified in respect of Frank Lord and Sue Lord and Effie P. Butner and F. N. But-

ner, and anyone else?" The court stated a short time later: "The court proposes to have the jury qualified in relation to relationship as to Frank Lord, Sue Lord, Effie P. Butner and F. N. Butner. Anyone else?" The court made the following statement also: "Gentlemen of the jury, both panels, we are about to take up for trial the case of one Frank Lord, as father and next friend of one Sue Lord, as plaintiff, against Effie P. Butner and F. N. Butner, as defendants. If your answer is in the affirmative to any of the questions about to be propounded to you by the court, you will indicate it by standing. Are you, or either of you, related by blood or marriage to Frank Lord, or to Sue Lord, or to Effie P. Butner, or to F. N. Butner? If so, let it be known. They appear to be qualified. Counsel for the parties may address questions to the panels in mass or to each panel as a whole, or separately, within the limits of questions authorized by law, either at the outset or after the call, and during the call may propound questions to the jurors individually within the limits authorized by law. Are there any questions that you gentlemen desire now to propound to the panels as a whole?" The court stated at the time that he thought counsel Thomas was a party at interest and stated this at the time the plea of no partnership was being heard and refused the motion to dismiss the motion to continue the trial at a later date, with another jury. When asked, counsel Irwin and counsel Thomas stated that each of them were ready for the jury to return to the courtroom, and the trial proceeded.

In support of this contention to continue, counsel for the defendant cites only one case, *James V. Steele,* 147 *Ga.* 598 (95 S. E. 11). It is our opinion that that case does not support the contentions of the defendant. In fact, it seems to us that the ruling there is against the contentions because of what is said in headnote 2 as follows: "The jury having been stricken and sworn, and the trial of the main case having proceeded to the examination of witnesses when the issue of forgery was tendered, and the defendants who raised the issue of forgery having consented to the trial of that issue separately before the jury already empaneled, there was no error, after the return of the verdict finding in favor of the genuineness of the deed, in ordering the

trial of the main case to proceed before the same jury, over objections urged by the defendants." It appears that counsel Thomas was present and participated in the proceedings, as mentioned hereinbefore and he even made a suggestion as to striking a juror. Therefore, he had no right to object later to a proceeding in which he participated. In *Holtsinger* v. *Scarbrough*, 71 *Ga. App.* 318, 322 (30 S. E. 2d 835), it was held: "Trial courts, under the necessity of the case, are allowed great latitude under the law, in exercising discretion pertaining to such matters as are now under consideration, and this court will not disturb the judgment unless this discretion is manifestly abused." Collateral issues and main issues of a case are tried before the same jury. In *New York Life Ins. Co.* v. *Hartford Accident &c. Co.*, 181 *Ga.* 55, 57 (181 S. E. 755) the Supreme Court said: "In a civil case the defendants are not entitled to a separate trial, nor is each entitled to strike the full number of jurors, but all of the defendants must join in striking the jury." See also *Pool* v. *Gramling, Spalding & Co.*, 88 *Ga.* 653 (4) (16 S. E. 52). The special ground is not meritorious.

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*