42529. McDANIEL et al. v. GOSSETT.

Argued January 6, 1967—Decided April 6, 1967—
Rehearing denied April 18, 1967—

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Robert W. Patrick, Jr.,* for appellants.

*Wilkinson & Nance, A. Mims Wilkinson, Jr., John O. Adams, Jr.,* for appellee.

Bell, Presiding Judge. Construing the petition most strongly against the pleader, if an inference unfavorable to the plaintiff

may be fairly drawn from the facts stated in the petition, that inference will prevail in determining the rights of the parties. *Johnston v. Clement A. Evans & Co.*, 111 Ga. App. 659, 661 (143 SE2d 38).

The allegation that Mrs. McDaniel was negligent in failing to have her car under control must yield to other allegations showing that she had brought her car to a stop behind plaintiff's car.

Where the danger of collision was not apparent or reasonably to be apprehended, the allegation that Mrs. McDaniel was negligent in failing to keep her brakes engaged while her car was stopped behind plaintiff, fails to state any breach of duty to plaintiff. An automobile driver has the right to assume that others driving vehicles will observe the rules prescribed by law governing the operation of vehicles. *Bach v. Bragg*, 53 Ga. App. 574, 577 (186 SE 711); *Greenlee v. Chastain*, 112 Ga. App. 813 (1) (146 SE2d 378). In the absence of knowledge, one who is rightfully using the highway or street is not required to anticipate that some other user will unexpectedly violate the law. *Eubanks v. Mullis*, 51 Ga. App. 728, 731 (181 SE 604); *English v. Georgia Power Co.*, 66 Ga. App. 363, 366 (17 SE2d 891); *DeGolian v. Faulkner*, 74 Ga. App. 866, 869 (41 SE2d 661).

The remaining particular, alleging that Mrs. McDaniel was negligent in failing to apply her brakes after her car was struck from the rear, contends that she was negligent in omitting to do an act which was obviously impossible under other allegations of the petition. The St. Clair car, when it struck the McDaniel car, was traveling in excess of 40 miles per hour, or 58 2/3 feet per second. The front of the McDaniel car was positioned only 8 feet from the rear of plaintiff's car. Taking into account applicable physical laws, the vehicles' resistance to impact and possible difference in the weights of the vehicles, it is obvious that the McDaniel vehicle would have traveled the distance of 8 feet after the initial collision in less than the reaction time required for Mrs. McDaniel to engage her brakes. It is also reasonable to infer that her normal reaction time would have been greatly increased by disorientation caused by the unexpected impact and the sudden propulsion of her vehicle. One cannot be charged with negligence in failing to do that which

was not within his power to accomplish. *London v. Atlanta Transit Co.*, 91 Ga. App. 753, 756 (87 SE2d 103).

Ordinarily questions of negligence are issues to be decided by a jury, but where the plaintiff's petition shows on its face that he is not entitled to recover against the defendant, and this question is raised by a general demurrer, it is the duty of the court to sustain the demurrer and dismiss the petition. *670 New Street, Inc. v. Smith*, 107 Ga. App. 539, 543 (130 SE2d 773). Here the petition fails to show any negligence on the part of defendants James and Sylvia McDaniel. The trial court erred in overruling the general demurrer of these defendants.

*Judgment reversed. Jordan and Pannell, JJ., concur.*