46644. STATE HIGHWAY DEPARTMENT v. EAGLE CONSTRUCTION COMPANY, INC. et al.

PANNELL, Judge. An action was brought in the Civil Court of Fulton County by the State Highway Department of Georgia against Eagle Construction Company, a contractor who had contracted with the U. S. Army Corps of Engineers for the channel improvement of Yellowjacket Creek in Troup County, Georgia, over a portion of which

a Highway Department bridge of Route U. S. 29 had been built. The work involved in the present controversy was sublet to A. G. Wimpy Company, Inc., the defendant in a third-party action brought by the contractor, and during the progress of the work the foundations, thought to be on rock as "indicated" by Highway Department records and as reported to the Corps of Engineers, turned out to be sand and silt. When the dredging took place it weakened the foundations and caused a slight sinking of the bridge. As a result, the Highway Department and the U. S. Corps of Engineers entered into an agreement in which they estimated the cost of repairs some of which were not occasioned by the dredging, to be approximately $12,000, which would be done by the Highway Department, and the U. S. Engineers would absorb $6,000 of the cost. Since the U. S. Corps of Engineers was not authorized to pay this amount of the cost directly to the Highway Department, a change order was entered into with the contractor, which provided for the doing of certain work repairing the bridge at an extra cost of $6,170.79. There was evidence that the Highway Department performed all of the work required under this change order and the evidence was uncontradicted that it performed most of it. The testimony relating to the agreement between the Highway Department and the U. S. Corps of Engineers, and that the contractor had orally agreed to reimburse the Highway Department $6,000 and certain writings tending to substantiate the parol evidence in part was not allowed in evidence because of objections that to do so would permit parol evidence to vary and contradict the terms of the change order. At the conclusion of the evidence the trial judge directed a verdict for defendant. The Highway Department appealed to this court. *Held:*

1. The contract here was not one in conflict with the written change order but was in effect a subcontract to the change order, whereby the Highway Department which did a part of the work called for by the change order was to be paid for such work.

2. Nor was the parol agreement to pay the Highway Department for the work done one covered by the Statute of Frauds, and unenforceable, as contended by the contractor-defendant. "To make the following obligations binding on the promisor, the promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized, viz: . . . 2. A promise to answer for the debt, default, or miscarriage of another." *Code* § 20-401. The promise required by this section to be in writing does not include an original undertaking whereby a new promisor, for valuable consideration, substitutes himself as party who is to perform, and releases the original promisor. *Evans v. Griffin,* 1 Ga. App. 327, 328 (57 SE 921); *Foote v. W. K. Reece & Son,* 17 Ga. App. 799 (1) (88 SE 689); *Williams v. Garrison,* 21 Ga. App 44 (1) (93 SE 510); *Auld v. City of Elberton,* 27 Ga. App. 723 (110 SE 243). The valuable consideration to support the promise was the payment to the contractor for the work done by the Highway Department, which the contract called for the contractor to do. And this rule would apply whether or not the work done by the Highway Department was done before the parol agreement was made or subsequently thereto.

3. It follows that the trial court erred in refusing to admit the evidence objected to, which, if admitted, would have been sufficient to have authorized a finding in favor of the plaintiff. Therefore, the direction of the verdict in favor of the defendant and the entry of a judgment thereon was also error. *Fountain v. Hagan Gas Engine &c. Co.,* 140 Ga. 70 (2) (78 SE2d 423); *Dean v. Hilton & Dodge Lumber Co.,* 6 Ga. App. 480 (2, 3) (65 SE 306). Whether or not the sustaining of a motion for the direction of a verdict as to the negligence feature of the case in favor of the defendant and the third-party defendant (made concurrently with a motion for a directed verdict for the defendant as to the contract feature of the case, both of which were sustained and a verdict directed) was proper in the absence of the evidence objected to, we do

not decide, inasmuch as a new trial results from our reversal of the direction of the verdict and the evidence on the negligence feature of the case may be different upon the next trial. The appellant enumerated error on the direction of a verdict and not upon the sustaining of the separate motions. Further, if defendant and third-party defendant desired to eliminate the negligence feature of the case, a motion for summary judgment, if sustained, would have been the proper way to have done so without having such ruling affected by any ruling on the contract feature of the case upon the direction of a verdict.

4. The trial judge, over the objection of the appellant, added three jurors to the panel, making a panel of fifteen, and permitted the third-party defendant three strikes from the panel.

Section 9 of the Act of 1956 (Ga. L. 1956, pp. 3271, 3279) substituted a new section 40 for the Act of 1913 and Acts amendatory thereof, relating to the Civil Court of Fulton County (Ga. L. 1913, p. 145 et seq; Ga. L. 1925, p. 381; Ga. L. 1927, p. 389) which section reads in part as follows: "From the jurors drawn and summoned, as above provided, there shall be impaneled in all cases to be tried by a jury in said court, a jury of twelve, and in each case, each side shall have three strikes, and the six remaining shall constitute a jury for the trial of said case."

*Code* § 59-704 (formerly Penal Code § 858) provides: "In civil cases and cases of misdemeanors in the superior court, each party may demand a full panel of 24 competent and impartial jurors from which to strike a jury. . . ." In a case involving a misdemeanor charge where joint defendants were on trial for the offense, this court in *Nobles v. State,* 12 Ga. App. 355 (1) (77 SE 184) in construing this Code section held: "Where two or more persons are jointly indicted and put on trial for an offense for which one may be convicted and the others acquitted, each is entitled to the same number of peremptory challenges as would be allowed him if the case against him had been tried separately." Since the Code

Section makes no distinction between misdemeanors and civil cases, we should, by analogy, hold that under that Code section the same rule would apply in civil cases. We can discern no substantial difference between the Code section and the practice requirements in the Civil Court of Fulton County, and since in the present case a judgment in favor of the third-party defendant would not necessarily be one in favor of the original defendant, this case falls within the rule set forth. We find no error in the actions of the trial judge in this instance.

*Judgment reversed. Bell, C. J., Jordan, P. J., Hall, P. J., Eberhardt, Quillian, Evans, and Clark, JJ., concur. Deen, J., dissents.*

ARGUED OCTOBER 4, 1971—DECIDED FEBRUARY 15, 1972— REHEARING DENIED MARCH 9, 1972.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William B. Brown, Assistant Attorneys General, G. Thomas Davis, Deputy Assistant Attorney General,* for appellant.

*Greene, Buckley, DeRieux & Jones, Raymond H. Vizethann, Jr., Telford, Stewart & Stephens, J. Douglas Stewart,* for appellees.

DEEN, Judge, dissenting. The judgment from which plaintiff appeals states in part: "Defendant . . . having made *a motion for directed verdict* at the close of plaintiff's evidence *on all issues* pending between the plaintiff and the defendant, and the court having sustained *the motion,* plaintiff's complaint is hereby dismissed." (Emphasis supplied).

The fact that the judge in the oral ruling said he was sustaining "the motions" is immaterial, because it is the written order and not what was said in the colloquy between judge and counsel which controls. Therefore, the enumeration of error was sufficiently specific to raise a question of whether the court properly granted the motion for directed verdict on any issue and for any reason urged by the movant.

This petition originally sought judgment for $6,000 plus interest and attorney fees arising out of a contract. The purpose of this contract was to recover a sum paid by the U. S. Engineers to repair a bridge which had been damaged in the course of performing a channelization contract entered into earlier between these parties. The plaintiff highway department added an amendment to its original petition contending that the damage had resulted from negligence on the part of the defendant in performing the original channelization contract and had damaged the plaintiff in the amount of $12,000. (The original action for $6,000 represented plaintiff's half of this $12,000, the Engineer Corps having absorbed the other $6,000).

From this it appears that the plaintiff is suing the defendant (a) in contract for $6,000, and (b) in tort for $12,000. Reversal of the ground of the motion directed to the contract action does not reverse the entire judgment, but only reverses the judgment insofar as the $6,000 is concerned. Another ground of the motion was the direction of verdict for the defendant on the $12,000 negligence claim.

As I see it, the enumeration of error, taken in connection with the judgment complained of, was sufficient to raise all reasons for directing the verdict. The reversal of the verdict direction on the $6,000 contract action is completely separate from the $12,000 negligence action. As to this latter, this court must say: (a) that the direction of the verdict was error as to this issue also, or (b) that it was correct and on retrial negligence has been eliminated and only the $6,000 contract action is to be retried.