## 49017. HOLBROOK WATERPROOFING COMPANY v. CLEAVER.

BELL, Chief Judge.

This case raises the issue of whether the trial judge erred in granting summary judgment to plaintiff on the question of liability in a personal injury suit based on negligence. It is undisputed that the defendant company's truck operated by its employee in the course of his employment and while proceeding in a westerly direction failed to stop at a stop sign at an intersection and struck plaintiff who was proceeding in her car in a southerly direction. The only evidentiary matter in the record which bears on the basic issue is the plaintiff's deposition. She testified that as she entered the intersection, she noticed a truck eight to ten car lengths to her left traveling at a speed estimated by plaintiff to be 50 mph; that as she expected that the oncoming vehicle would know the stop sign, she proceeded on into the intersection looking straight ahead, whereupon the defendant's vehicle collided with her car damaging the front end and two-thirds of the left side. While defendants admitted in their answer that its driver was guilty of negligence per se, they affirmatively plead alternatively that plaintiff's own negligence was the sole proximate cause for damages; comparative negligence; the avoidance rule; accident; and that the conditions at the time and place of the accident were hazardous and dangerous which were no fault or responsibility of defendants and which proximately caused the accident. "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon mere allegations or denials of his pleading, but his response by affidavit or as otherwise provided in this section, must set forth specific facts . . . for trial." CPA § 56 (e) (Code Ann. § 81A-156 (e)). Here the defendant driver failed to stop as required by statute. Code Ann. § 68-1652 (b). This was negligence per se. The case of *Garrett v. Royal Bros.*, 225 Ga. 533 (170 SE2d 294) does not control this case as negligence per se is involved.

An automobile driver had the right to assume that others driving vehicles will observe the rules prescribed by law governing the operation of vehicles. *McDaniel v. Gossett,* 115 Ga. App. 604, 605 (155 SE2d 457). The record reveals that plaintiff was free of any negligence. She was already in the intersection when she saw the defendant's truck approaching. The only way she could have avoided this collision and defendant's negligence was to have not been present at the scene. The pleadings and the evidence contained in the deposition show the absence of a genuine issue of fact as to defendant's liability. Thus it was proper for the trial court to grant summary judgment as to defendant's liability.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED FEBRUARY 4, 1974 — DECIDED MAY 8, 1974 — REHEARING DENIED MAY 30, 1974 —

*George L. Pope, Jr., Wm. Lewis Spearman, David V. Crosby,* for appellant.

*Reeves & Collier, Rex T. Reeves, R. John Boemanns,* for appellee.