52447, 52448. MERCER et al. v. BRASWELL et al.; and vice versa.

SMITH, Judge.

The plaintiffs brought an action against the defendants seeking to recover damages for the negligent homicide of their daughter. The plaintiffs prayed for $5,674.73 damages for plaintiff Lewis Mercer, the father; $100,000 damages against Continental Insurance Company and $250,000 against Jesse Braswell and Wooten Insurance Company for the value of the life of Connie Mercer, the plaintiffs' daughter. The jury returned a verdict in favor of Wooten Transfer Company, Inc., and Continental Insurance Company. They found in favor of Mrs. Edortha Mercer against defendant Jesse Braswell in the amount of $7,500 and in favor of Mr. Lewis Mercer against the defendant Jesse Braswell in the amount of $170.24. Plaintiffs appeal the judgment entered on the verdict.

The evidence shows that the deceased, Connie Mercer, and two female companions went "riding around" with defendant Braswell and Kenneth Elton on the evening of July 21, 1971. The group went to a beer store and bought a six-pack of beer and a half pint of wine. They proceeded to ride around McRae and each of the girls took turns driving. Braswell began to drive after he had consumed three beers. While Braswell was driving, the automobile collided with a transfer truck and Connie Mercer was killed.

Defendant Braswell could not remember much about the accident; he had a vague impression of lights immediately prior to the collision, but he could not recall what happened at the wreck. One of the girls riding in the Braswell car testified that Braswell was driving fast and swinging the car back and forth in the highway. Immediately before the collision Elton mentioned some bright lights and defendant Braswell started slowing down. The car then started sliding to the left and struck the truck. Another passenger in the Braswell car testified that the truck's lights were on bright and blinded her immediately prior to the collision.

The truck driver testified that his lights were on dim

prior to the collision. He said that it was raining and that it was better to drive in rainy weather with the lights on dim. He testified that he first saw the Braswell car when it was crossways on his side of the road about 300 feet ahead of the truck. He slammed on his brakes and came to a complete stop. The Braswell car immediately slammed into the stopped truck on the truck's side of the highway.

The truck was being operated for Wooten Transfer Company. In order to qualify as a common carrier, Wooten Transfer Company had on file with the Georgia Public Service Commission an insurance policy with Continental Insurance Company providing personal injury coverage in the amount of $100,000 for any one individual.

1. The trial judge granted six strikes to the defendant Braswell and six strikes to the defendants Wooten Transfer Company, Inc. and Continental Insurance Company. The plaintiffs were granted a total of six strikes. The plaintiffs objected to the court's allowing the defendants a combination of twelve strikes. They argue that the court erred in allowing more than six total strikes to the defendants.

"In a civil case, the defendants are not entitled to a separate trial, nor is each entitled to strike the full number of jurors, but all of the defendants must join in striking the jury." *Pool v. Gramling, Spalding & Co.,* 88 Ga. 653 (4) (16 SE 52). See also *New York Life Ins. Co. v. Hartford Acc. &c. Indemnity Co.,* 181 Ga. 55 (2) (181 SE 755); *National Upholstery Co. v. Padgett,* 111 Ga. App. 842 (143 SE2d 494); *Butner v. Lord,* 95 Ga. App. 782 (98 SE2d 646); *Ellis v. Geer,* 36 Ga. App. 519 (1) (137 SE 290).

Although the general rule does not allow additional strikes to co-defendants, appellees contend that they were properly allowed six additional strikes because of their adverse interests. They argue that their position is supported by our decision in *State Highway Dept. v. Eagle Const. Co.,* 125 Ga. App. 678 (4) (188 SE2d 810). That case allowed a *third-party defendant* six strikes in addition to the six allowed the original defendant. The court reasoned as follows: "Code § 59-704 (formerly Penal Code § 858) provides: 'In civil cases and cases of misdemeanors in the superior court, each party may de-

mand a full panel of 24 competent and impartial jurors from which to strike a jury . . .' In a case involving a misdemeanor charge where joint defendants were on trial for the offense, this court in *Nobles v. State,* 12 Ga. App. 355 (1) (77 SE 184) in construing this Code section held: 'Where two or more persons are jointly indicted and put on trial for an offense for which one may be convicted and the others acquitted, each is entitled to the same number of peremptory challenges as would be allowed him if the case against him had been tried separately.' *Since the Code Section makes no distinction between misdemeanors and civil cases,* we should, by analogy, hold that under that Code Section the same rule would apply in civil cases." (Emphasis supplied.) Code § 59-704 was amended by Ga. L. 1975, pp. 1331, 1332. The new Code section makes no mention of jury selection in misdemeanor cases. Accordingly, the reasoning applied in the *State Highway Dept.* case would no longer be viable.

Further, a more important distinction exists between the *State Highway Dept.* case and the present situation. In our case, the judge granted additional strikes to co-defendants; in the *State Highway Dept.* case, the court allowed additional strikes to a third-party defendant. In a third-party complaint action, the court has the right to try the main action and the third-party action separately. However, in the present suit, the judge could not have severed the actions against the individual defendants because the effectual result would have been to require the plaintiff to try the same case twice. See *Lincoln Land Co. v. Palfery,* 130 Ga. App. 407 (5) (203 SE2d 597).

The criminal cases which allow additional strikes to co-defendants are based on the defendants' right to sever. "The right to challenge and the right to sever go hand in hand." *Nobles v. State,* 12 Ga. App. 355, 356 (77 SE 184). Similarly, the judge who has discretion to sever a third-party claim would also have the discretion to grant a third-party defendant six additional strikes. However, there is no right to sever claims against the joint tortfeasors in this case and no corresponding right to grant additional strikes.

The Georgia statutes provide for a list of 24 jurors

comprising two panels of twelve each from which to strike a jury. Only 12 strikes are authorized, thus leaving a jury of 12 to try the case. See Code §§ 59-703, 59-704. There is no provision for the addition of additional jurors to the panels. Further, we can find no case law which would support the action of the trial judge under the present set of facts. It was error to allow the defendants six strikes each, over the objection of the plaintiffs, and to overrule the plaintiffs' motion for new trial complaining of that error. See *New York Life Ins. Co. v. Hartford Acc. &c. Co.,* 181 Ga. 55 (2), supra.

2. Appellants set forth numerous alleged errors in their second enumerated error. From appellants argument, we find that the second enumerated error complains in general of the court's failure to instruct the jury that the negligence of the deceased could not be compared with the negligence of the truck driver. This argument is without merit, as are all of the related arguments combined under this one enumeration of error.

The trial judge charged the jury in pertinent part: ". . . the negligence of Connie Mercer, if any, may not be used as comparative negligence against the driver, Norton, the agent of Wooten, unless it appears that such negligence was at least a part of the proximate cause of the event which brought about the injury." Thus, the jury was instructed not to compare the negligence of the deceased with the negligence of the truck driver *unless* they found that the negligence of the deceased was a proximate cause of the collision. This charge was in accord with appellant's request to charge; it correctly stated the rule relating to comparing the independent negligence of a guest to the driver of another vehicle. See *Brooks v. Williams,* 127 Ga. App. 311, 315 (193 SE2d 231).

The appellants set forth various related arguments under this one enumerated error; however, they all relate to different "ways" in which the trial judge allegedly prevented the application of the following rule: that the negligence of Connie Mercer in getting into the car with a driver less safe to drive, could not be compared with the negligence of the truck driver in failing to dim his lights and otherwise causing the wreck. As discussed above, the jury was specifically charged that the negligence of

Connie Mercer could not be compared with the negligence of the truck driver *unless* the jury found that the negligence of Connie Mercer was at least a part of the proximate cause of the wreck. This was the proper rule to be applied by the jury. Appellant's enumeration of error number 2 is without merit.

3. Appellants requested the following charge: "The jury is not permitted to make an award of money by lot or chance, nor shall the jury agree in advance that each juror write down a figure representing his opinion of the amount of damages to be awarded, or no damages, if the juror so desires, and after all the figures are added and divided by the number 12, return this result as an award of damages. *However, without agreeing in advance that a verdict would be determined in that manner, the jury may so total the separate figures or vote of no damages, as the case may be, of each juror, and if adding those figures and dividing by 12, the resulting amount of damages is then considered, and is by the jury found to be a fair and just award of damages under evidence in the case, and under the instructions of the court, such average amount of damages may be adopted as the deliberate judgment of the jurors, and made the findings of the damages.*" (Emphasis supplied.) The judge failed to charge the italicized portion of appellants' request. Appellants urge error in the court's failure to give the entire charge as requested.

The trial judge did instruct the jury that the final verdict must be the verdict of each and every one of the jurors. This was the rationale underlying the court's approval of the latter part of appellants' request to charge in *Decker v. Hope,* 129 Ga. App. 553, 557 (200 SE2d 290). The principles embodied in appellants' request were substantially covered in the general charge. "The requirement of the law is satisfied where the court instructs the jury substantially upon the principles embodied in the request." *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8, 18 (195 SE2d 417). The court did not err in failing to instruct the jurors regarding any particular method by which they could arrive at a verdict agreeable to each of the jurors.

4. Appellants requested that the court charge the jury that if the defendant trucking company could have

avoided the collision by the exercise of ordinary care and that such failure was the proximate cause of the collision, then the jury should find in favor of the plaintiffs against the trucking company. The judge did not give the requested charge; appellants urge error in his failure to give the charge.

Appellants contend that they were entitled to a charge on avoidance or "last clear chance" under the evidence presented in the case. They contend that the jury could have found that the truck driver might have avoided the collision by the exercise of ordinary care. Appellees contend that the evidence shows that the truck driver could not have avoided the collision after discovering plaintiff's position of peril.

The evidence shows that it was dark and raining on the evening of the collision. The truck driver was traveling approximately 25 to 30 miles per hour. He first saw the Braswell vehicle when it was approximately 300 feet ahead of the truck. The car was sideways on the truck's side of the road. The truck driver slammed on the brakes and came to a stop. The Braswell vehicle then slammed into the truck.

We find no evidence which would authorize a finding that the truck driver failed to exercise ordinary care under the circumstances. He brought his vehicle to a complete stop on his side of the highway upon seeing the Braswell vehicle hydroplaning, out of control. We find that the truck driver was not required to guess which way the hydroplaning vehicle would proceed and then turn his truck in the opposite direction in an attempt to avoid hitting it. The last clear chance doctrine does not require that the defendant imperil his own safety in order to avoid the plaintiff's negligence. The defendant is not required to exercise *more* than ordinary care to avoid the consequences of the plaintiff's negligence. *Underwood v. Atlanta & W. P. R. Co.,* 105 Ga. App. 340, 360 (124 SE2d 758). One cannot be charged with negligence in failing to do that which was not within his power to accomplish. *McDaniel v. Gossett,* 115 Ga. App. 604, 605, 606 (155 SE2d 457).

5. Appellants urge error in the court's charging the law of accident. They contend that such a charge was not

authorized by the evidence. We disagree. There was evidence showing that there was a trough-like depression in the center of the highway which had collected water. The jury could have found that this condition caused the Braswell vehicle to skid into the path of the truck in the absence of any negligence on the part of the parties involved. This was sufficient to authorize a charge on accident.

6. The court charged the jury that the mere fact that an automobile skids on slippery pavement does not in and of itself constitute negligence. Appellants contend that this charge invaded the province of the jury in determining what facts are and are not negligence. Since the jury found that the driver of the skidding vehicle was negligent, any error in the above charge was harmless.

7. Appellants object to the giving of the following charge: "If you find from the evidence that the plaintiffs' deceased daughter, Connie Elaine Mercer, and the defendant, Jesse Braswell, were riding around drinking together on the public highways of this State, on the evening of the accident, and that the death of Connie Mercer was directly attributable to this illegal conduct, plaintiffs are not entitled to recover." Appellants contend that the charge was not authorized by the evidence and was not a correct statement of the law.

The charge was based on the decision of this court in *Freeman v. Martin*, 116 Ga. App. 237, 241 (2) (156 SE2d 511). The court in *Freeman* affirmed the grant of a nonsuit in an action brought by a passenger in an automobile collision. The court reasoned as follows: "Freeman had negligently entrusted his automobile to an incompetent driver with knowledge of the incompetence, and thus became liable himself for any injury which Martin might negligently inflict upon a third party in the operation of it. [Cits.] He is in no position to recover from Martin. Since they had been drinking together during the evening they were, in any event, in pari delicto—equally at fault . . . If he would not deny Martin the privilege of driving, plaintiff should have remained out of the car. 'If an ordinarily prudent person would not have entered an automobile driven by a person known to be intoxicated or whose intoxicated condition is palpably apparent, it

would be negligence for one to enter or to re-enter the automobile, after having retired therefrom at a temporary stop on a continuous trip, and ride therein, and if the injury resulted from the failure of the driver to operate the car with proper care and skill because of his intoxicated condition, then the person riding therein could not recover under those conditions.' *Mann v. Harmon,* 62 Ga. App. 231 (2) (8 SE2d 549)." The charge of which appellants complain was consistent with the above cited principles of law. We further find that the charge was supported by the evidence in the case. There was no error in the giving of the above charge.

8. The remaining enumerations of error are either without merit or are not likely to reoccur upon retrial of the case.

9. The defendant Braswell cross appealed. He complains of the trial court's prohibiting this defendant's counsel "from mentioning, alluding to, or saying any word regarding the existence or limits of said defendant's nominal insurance coverage and in freely permitting counsel for plaintiff to introduce into evidence the entire policy affording coverage on the joint defendants, disclosing $100,000/$300,000 limits."

There was no error in refusing to allow cross appellant's counsel to discuss the limitations as to the amount of liability insurance carried by this defendant (being $5,000 property damage and $10,000/$20,000 personal injury). The amount of insurance carried by the defendant was not an issue in the case nor pertinent to the issues involved. And this did not constitute error merely because the trial judge permitted the introduction in evidence of the entire policy of the insurance issued by the defendant, Continental Insurance Co., insuring the defendant, Wooten Transfer Company, Inc., pursuant to Code § 68-612 as a common carrier. This policy was admissible in evidence. See *Carter v. Ray,* 70 Ga. App. 419 (28 SE2d 361, 369); *Great American Indem. Co. v. Vickers,* 183 Ga. 233 (188 SE 24); *St. Paul Fire &c. Marine Ins. Co. v. Fleet Transport Co.,* 116 Ga. App. 606 (158 SE2d 476); *La Hatte v. Walton,* 53 Ga. App. 6 (184 SE 742, 748).

Whether or not the trial judge should have excluded that portion of the Continental Insurance Company policy

showing the policy limits of liability we do not decide as there is no enumeration of error thereon; the only enumeration here is that the refusal to permit the appellant's counsel to discuss the appellant's liability policy was error because of the admission of the Continental Insurance Company policy. See in this connection Gates v. DeWitt, Inc., 532 F2d 1052. Further, even if there be error in the ruling of the trial judge, the finding of the jury was less than the limits of the appellant's liability policy and the error, if any, was harmless error.

*Judgment reversed in case No. 52447. Judgment affirmed in case No. 52448. Marshall and McMurray, JJ., concur.*

ARGUED JULY 7, 1976 — DECIDED NOVEMBER 10, 1976 — REHEARING DENIED DECEMBER 2, 1976.

*Smith & Harrington, Will Ed Smith,* for appellants (case no. 52447).

*W. Ward Newton, Harris, Watkins, Taylor & Davis, Joseph H. Davis, Philip R. Taylor,* for appellees (case no. 52447).

*W. Ward Newton,* for appellant (case no. 52448).

*Will Ed Smith, Joseph H. Davis,* for appellees (case no. 52448).