17501. ELLIS *v.* GEER, receiver, *et al.*

17502. ELLIS *v.* BANK OF KESTLER *et al.*

17503. ELLIS *v.* FEDERAL RESERVE BANK OF ATLANTA *et al.*

17504. ELLIS *v.* HADDOCK & COMPANY *et al.*

17505. ELLIS *v.* HIGHTOWER *et al.*

17506. ELLIS *v.* SWIFT & COMPANY *et al.*

17507. ELLIS *v.* VANN, receiver, *et al.*

1. Where after several suits are separately filed by judgment creditors of the estate of a decedent against the administratrix and the sureties on her bond, a receiver is appointed, under another proceeding, to take

Abatement and Revival, 1 C. J. p. 161, n. 4; p. 163, n. 11.
Actions, 1 C. J. p. 1135, n. 80; p. 1136, n. 86.
Appeal and Error, 3 C. J. p. 354, n. 55; 4 C. J. p. 649, n. 36.
Executors and Administrators, 24 C. J. p. 131, n. 15; p. 139, n. 90; p. 142, n. 17, 18; p. 1058, n. 9; p. 1062, n. 69, 71; p. 1064, n. 4 New; p. 1066, n. 26, 27; p. 1067, n. 47, 49; p. 1077, n. 93; p. 1078, n. 7.
Juries, 35 C. J. p. 411, n. 25.
Principal and Surety, 32 Cyc. p. 220, n. 11.

charge of the estate, and where, after his appointment the court, by consent of parties, passes an order consolidating all the cases pending against the administratrix and the sureties on her bond, directing that they shall all proceed in the name of the receiver as plaintiff, there is but one case for trial. Civil Code (1910), § 5520. In the selection of a jury in the trial of such a case, the defendants would be entitled to only six strikes. Penal Code (1910); § 857. · After final disposition, in the 'court below, such a case may be brought to this court for review by a single bill of exceptions; and this is true though after the consolidation in the court below the defendant may have filed separate proceedings on the theory that separate units were pending, and though separate verdicts may have been rendered, under the direction of the court, in favor of the receiver for the use of each of the creditors.

(a) It follows from these rulings that the motion to dismiss the writ of error in case No. 17501, Ellis *v.* Geer, receiver, et al., should be over-ruled and that the writs of error in cases numbers 17502, 17503, 17504, 17505, 17506, and 17507, should be dismissed.

2. The obligation of an administrator and the sureties on his bond being joint and several (Civil Code of 1910, § 3974), the death of one of the defendant sureties after the filing of a suit against principal and sureties on an administrator's bond, and after a reference of the case to an auditor, but before the hearing by the auditor, does not abate the suit or deprive the auditor of jurisdiction, since "in all cases which have been or may be commenced in any of the courts of this State against two or more defendants, one or more of whom have died or may die pending said case, it shall and may be lawful for the plaintiff or com-plainants · to suggest said death of record, and to proceed, in the trial of said case or cases, against the surviving defendant, to the extent of their respective liabilities" (Civil Code of 1910, § 5623), and since the auditor was authorized, on suggestion of the death of one of the sureties, to allow an amendment to the petition, striking such deceased surety as a party defendant. Civil Code (1910), § 5129. Nor does such voluntary dismissal of the action as to the deceased surety ipso facto discharge the cosurety from liability. *McMillan* v. *Heard National Bank*, 19 *Ga. App.* 148 (91 S. E. 235), and cit.

3. The condition of the bond of an administrator shall be "for faithful discharge of his duty as such administrator, as required by law." Civil Code (1910), § 3971. Such a condition requires the administrator to account for all the money and property belonging to the estate he administers and coming into his hands as such administrator, and to distribute such money and the proceeds of such property in accordance with law. The sureties on the bond of such an administrator are liable for any breach of the condition of the bond, including any failure of the administrator to discharge faithfully his duty in collecting and preserving and distributing the assets of the estate.

(a) "Where one owning real estate dies, the title to the real estate passes to the heirs; and it is not the duty of the administrator, as such, to collect rents accruing after the death of an intestate; and if he does so, it is not in his capacity as administrator, and he is not liable to the heirs for the amount of the rents, as administrator, nor is the surety on his bond as administrator liable." *Hoyt* v. *Ware*, 156 *Ga.* 98 (118

S. E. 734); *Johnson* v. *U. S. Fidelity & Guaranty Co.*, 35 *Ga. App.* 106 (132 S. E. 130); *Roberts* v. *Kite*, 33 *Ga. App.* 91 (125 S. E. 719).

(*b*) "Where realty belonging to an estate is sold by an administrator under an invalid order, title to the property does not pass from the estate; it still remains a part thereof." *Hoyt* v. *Ware*, supra. Accordingly, where the equity of a decedent in a tract of land held under a contract of purchase was privately surrendered to the vendor by the administrator, without order of court, the transfer thus made did not operate to divest the estate of its equitable title to the land, and the same still remains a part thereof, and the sureties on the administrator's bond are not liable for the amount received in consideration of such transfer, nor for the real value of the decedent's equity in the land. *Hoyt* v. *Ware*, supra.

(*c*) Applying the foregoing rulings to the facts in the instant case, as found by the auditor in findings approved by the court and jury, it appears that the sureties on the administrator's bond are properly chargeable with $6,164.10, the amount reported by the administratrix as having been received, from which should be deducted the amount of $550 received from the illegal sale of the decedent's equity in the land, thus leaving $5,614.10, to which should be added the proceeds of certain property sold by her and unaccounted for, including the crop received from tenants of the decedent, and the money withdrawn from the bank, amounting to $975.22, making a total of $6,589.32. From this amount should be deducted the further sum of $4,303.19, which the jury, in sustaining the report of the auditor, found had been properly and legally disbursed by the administratrix, leaving a balance to be accounted for by the administratrix, for which her sureties are liable, of $2,286.13. As it appears from the report of the auditor, without dispute, that $1,833.97 of this amount has been accounted for by the administratrix and is in the hands of the receiver, it follows that the net liability of the sureties on the administratrix's bond, under the facts as found by the auditor and approved by the court and jury, could not, under the facts indicated in the present record, exceed the sum of $452.16. Accordingly, the verdict and judgment finding against the surety to the extent of the full amount of the bond are not authorized by the evidence, and must be set aside.

4. It appears from the record that certain of the moving creditors had filed a petition for settlement before the ordinary, and were present in the court of ordinary when the returns of the administratrix, as allowed by the ordinary, were admitted to record, and that the auditor held these creditors bound by that return, to which ruling no exception was taken; but since this ruling of the auditor, under the facts of the instant case as disclosed by the record, could not reduce the liability of the surety, but only affects the distribution of the fund as between the creditors, it is not necessary to adjudicate in this proceeding the rights of the creditors as between themselves.

DECIDED MARCH 2, 1927.

Action on bond; from Miller superior court—Judge Yeomans. April 22, 1926.

*W. I. Geer,* for plaintiff in error.

*P. D. Rich, N. L. Stapleton,* contra.

PER CURIAM. Mrs. Sallie Mae Cook (King) qualified as administratrix of the estate of J. C. Cook, her deceased husband, and gave bond in the sum of $5,000 with J. G. Ellis and J. T. Arnold as sureties. The widow applied for dower and year's support, and the sum of $3,500 was set apart to her as a year's support. She sold the land belonging to the estate and various personal property, amounting to $5,514.10. Her husband, at the time of his death, was in possession of a tract of land held under a bond for title, with a portion of the purchase-price paid; this bond for title was surrendered, and possession of the land relinquished to the vendor in consideration of his paying to the administratrix $550. Haddock & Company, Swift & Company, Federal Reserve Bank of Atlanta, H. E. Hightower, J. R. Vann, as receiver of the First National Bank of Colquitt, and Bank of Kestler, creditors of the decedent, filed suits against the administratrix on their claims, and obtained judgments against her and the estate amounting to $2,-746.76. Thereafter H. E. Hightower, Vann as receiver, and the Bank of Kestler, filed a petition in the court of ordinary, praying for a settlement of their claims, upon which petition the ordinary cited the administratrix to a settlement. Pursuant to this citation the administratrix filed a return showing receipts, including the amount received for the surrender of the decedent's bond for title interest in the land mentioned, aggregating $6,164.10, and showing expenditures, including the payment of a fee of $850 to her attorney, of the entire amount received, leaving nothing on hand. The ordinary disallowed certain claimed expenditures of the administratrix, including a reduction in the amount of attorney's fees to $350, thus reducing the amount of allowed disbursements from $6,164.10 to $4,504.37, the return as allowed and ordered filed by the ordinary showing a balance on hand of $1,659.73. Thereafter each of the named judgment creditors of the estate filed a separate suit against the administratrix and the sureties on her bond, alleging a breach of the bond, and that funds sufficient to pay their claims had come into the hands of the administratrix and had not been accounted for. After the filing of these suits the named judgment creditors, together with another creditor, joined in an action in equity against the administratrix and her attorney at law, alleging waste and mismanagement of the estate, and praying for the appointment of a receiver. On this petition P. Z. Geer was ap-

pointed receiver of the estate, and an order was passed providing that "all of the pending suits against Sallie Mae Cook King, and her sureties on her bond as administratrix of the estate of J. C. Cook, deceased, be and the same are hereby consolidated, and the receiver, P. Z. Geer, is hereby made a party plaintiff in said cases. . . And said cases are hereby ordered to proceed in the name of said receiver with full power and authority in said receiver to proceed with said suits as party plaintiff." It appears from the record that this order was passed by the consent of all parties. Thereafter a further order was passed, referring the consolidated cases to an auditor for hearing. Before the auditor an amendment was filed by the receiver setting up various specific illegal disbursements of funds belonging to the estate, and various items of property and money which it was alleged were received by the administratrix and were not accounted for, and a further admendment was filed setting up that the return made by the administratrix, as allowed by the ordinary, was fraudulent, and that the judgment of the ordinary admitting the return to record was obtained by fraud, in that the administratrix had testified falsely with reference to certain disbursements set out in the return, and praying that the judgment of the ordinary be set aside and vacated. The defendant interposed a demurrer to this amendment, which was sustained by the auditor, who ruled, in effect, that the moving creditors before the ordinary were bound by the judgment admitting the return to record. After the reference of the case to the auditor, and before the hearing, Arnold, one of the sureties, died. At the hearing before the auditor, upon his death being suggested, the plaintiff Geer, as receiver, by amendment struck Arnold as a defendant, and the cause proceeded against the principal and the remaining surety.

The findings of fact of the auditor are in substance as follows: that the widow had received $3,500 as a year's support; that the receiver appointed by the court had received from the clerk of the superior court $1,833.97, representing assets belonging to the estate and paid into the hands of the clerk by the defendants in the petition for receiver; that the decedent had purchased a tract of land, which he held under a bond for title, at a price of $1,200, on which he paid approximately $1,000, and that after his death the administratrix, without any order of court or other authority, surren-

dered the bond for title and possession of the premises to the vendor on payment to her of $550, and that the decedent's equitable interest in the land was worth at least $1,000; that the administratrix had withdrawn $88.72 from the Bank of Kestler for which she had not accounted, and which belonged to the estate; that she had taken possession of certain personal property worth $461, for which she had not accounted; that she converted to her own use certain live stock of the value of $75, and received certain farm produce of the value of $360 from croppers of the decedent for the year in which he died, and failed to account therefor. He further found that the administratrix, instead of applying for leave to sell the land belonging to the estate, continued in possession thereof and farmed thereon for three years after the death of the decedent, and that the land was worth $475 per year, or $1,425 for the three years for which she had failed to account. He further found that the administratrix had paid out, illegally and without authority, $2,160.71 belonging to the estate, which included $55.95 paid as costs in connection with her application for dower, and $850 claimed as attorney's fees; that the amount of attorney's fees allowed by the ordinary was unreasonable, and that $250 was a reasonable allowance for that purpose. In his summary the auditor holds that the administratrix is chargeable with, and her sureties liable to account for, the amount reported in her return as having been received,—$6,164.10,—to which should be added the deficit in the value of the premises surrendered to her husband's vendor, amounting to $450, the value of the property set out as having been received by her and not accounted for, including the bank deposit withdrawn, amounting to $985.22, and the value of the premises for rent for three years, $1,425, making a total of $9,024.32, which he finds the principal and surety on the bond are chargeable with. He allows the administratrix credit for $4,003.19 properly expended according to her return, plus an allowance of $250 for attorney's fees, making a total of $4,253.19. No exceptions to the auditor's report were taken by the defendant administratrix, but exceptions to all the findings of fact of the auditor, except the finding that the payment of the dower costs was illegal, were filed by the defendant surety. The court directed a verdict against all the exceptions except those taken to the finding of the auditor with reference to the receipt of $360 of farm

produce by the administratrix from croppers of her intestate without accounting therefor, and the finding of the auditor allowing $250 as attorney's fees in lieu of the amount fixed by the ordinary; and on those exceptions the jury found in favor of the auditor's report, but reduced the value of the farm produce mentioned from $360 to $350, and fixed $300 as a proper fee for the attorney. Upon this verdict the court entered judgment in favor of the receiver, for the use of each of the plaintiff creditors, in the amount of such creditor's claim against the estate, and further ordered that the receiver recover of the defendants the additional sum of $2,-253.24, making a total of $5,000, the amount of the bond sued on.

The defendant surety filed a motion for a new trial in the consolidated case and filed separate motions for new trial in each of the cases out of which the consolidated case grew; and to the overruling of each of the motions above recited he files a separate bill of exceptions. The questions raised by the bill of exceptions in the consolidated case are decided. The other bills of exceptions are dismissed.

*Judgment reversed in case No. 17501. Writs of error dismissed in cases Nos. 17502, 17503, 17504, 17505, 17506 and 17507. Jenkins, P. J., and Stephens and Bell, JJ., concur.*