No. 10484. SEPTEMBER 11, 1935.

*W. T. Burkhalter,* pro se. *Eason & Everitt,* for defendants.

NEW YORK LIFE INSURANCE COMPANY *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY *et al.*
KIDDY *v.* HARTFORD ACCIDENT &c. CO. *et al.*

Nos. 10643, 10644. September 11, 1935.

*Bryan, Middlebrooks & Carter* and *F. P. McIntire,* for plaintiff.
*Charles D. Russell* and *Albert L. Cobb,* for original beneficiary.
*O. E. Bright, Perry Brannen, Travis & Travis,* and *George W. Fetzer Jr.,* for other defendants.

ATKINSON, Justice. On October 23, 1929, the New York Life Insurance Company issued to Haddy J. Kiddy a policy insuring his life for the amount of $2500, payable to his mother, Barbara A. Kiddy, "with right on the part of the insured to change the beneficiary." Attached to the policy as a part thereof was an application for the insurance, signed by the insured, which showed certain representations by answers. to questions propounded to the applicant. Subsequently a paper dated May 24, 1930, was executed, purporting to assign the policy "for value received" to Percy H. Whetstone, and purporting to be executed by both the insured and the designated beneficiary. The paper was in the usual form, and contained the recital: "This is an absolute assignment." On October 30, 1930, the insurer elected to rescind the contract of insurance, "on the ground that it was obtained by misrepresentation of material facts." The insured died on November 15, 1930. On March 24, 1931, Percy H. Whetstone executed an assignment of all his rights under the policy to Hartford Accident and Indemnity Company, to secure a debt for $1078.96, and stipulated that any balance after paying the debt should be paid to the assignor. On April 14, 1931, Whetstone instituted suit on the policy against the insurer, in the city court of Savannah. On October 22, 1931, the New York Life Insurance Company instituted an equitable action against Hartford Accident and Indemnity Company, Barbara A. Kiddy, Percy H. Whetstone and his attorneys of record, praying for cancellation of the policy, for injunction to prevent its transfer or removal, to prevent prosecution of the suit in the city court, and to prevent the bringing of other suits on the policy, and requiring all the defendants to interplead in the action. It was alleged that Barbara A. Kiddy denied having made an assignment

to Whetstone. There was no demurrer complaining of failure to make the estate of Haddy J. Kiddy a party to the action. The several defendants filed separate answers. At the conclusion of evidence offered by both sides the judge directed a verdict against Barbara A. Kiddy. As to the other defendants the jury returned a special verdict answering questions propounded by the court, which had been submitted separately by the plaintiff and the defendants. The court thereupon rendered a decree. Barbara A. Kiddy filed a motion for a new trial, which was overruled, and she excepted, assigning error also on the direction of the verdict and on the final decree. The plaintiff made a separate motion for a new trial, which was overruled, and the movant excepted, assigning error on the judgment and on the final decree.

■ "In order to relieve the plaintiff in error from the payment of costs in this court, it is necessary that a proper pauper affidavit shall be filed with the clerk of the trial court before the bill of exceptions and transcript of the record are transmitted to this court." *Smith* v. *State*, 117 *Ga.* 16 (43 S. E. 440), and cit.; *Oliver* v. *State*, 160 *Ga.* 365 (127 S. E. 732). The pauper affidavit in the case of *Kiddy* v. *Hartford Accident & Indemnity Company* not having been filed in the trial court prior to transmission of the transcript of the record to the Supreme Court, the plaintiff in error in that case is not relieved from the payment of costs.

■ "In a civil case the defendants are not entitled to a separate trial, nor is each entitled to strike the full number of jurors, but all of the defendants must join in striking the jury." *Pool* v. *Gramling*, 88 *Ga.* 653 (4), 661 (16 S. E. 52); Code of 1933, §§ 59-703, 59-704; 35 C. J. 304, § 302.

(*a*) The instant case being a suit instituted by the insurer which issued a life policy, against the original beneficiary and successive assignees, seeking cancellation of the policy and injunctive and other relief, wherein the defendants resisted grant of the relief prayed for, and by way of interpleader themselves contested one against the other for the proceeds of the policy, it was erroneous, while selecting a jury, to allow two of the defendants six strikes each, over objection of the plaintiff, and to overrule the plaintiff's motion for a new trial complaining of that ruling.

(*b*) In other jurisdictions the statement just quoted is recognized as the general rule, but it is held not to apply where the parties

on one side, although having a common cause against the other, have conflicting rights among themselves which the verdict of.the jury will affect. 35 C. J. 409-410, § 468, note 17, and cit.

(c) However reasonable and just the exception mentioned, the statute in this State providing for a list of twenty-four jurors comprising two panels of twelve each from which to strike the jury, authorizes only twelve strikes, thus leaving a jury of twelve to try the case, and makes no provision whereby interpleading defendants may consume the whole twelve strikes.

■ The evidence was without conflict that the insured assigned the policy to Percy H. Whetstone, it being stated in the instrument that the assignment was "for value received," and that "this is an absolute assignment." The assignee testified that the insured had married witness's sister, from whom he was divorced and by whom he had a dependent daughter; and further: "Mr. Kiddy [the insured] seemed to think that it would be well for me to have the policy assigned to me for my protection against loss for money I had given him, and at the same time protect and provide for my niece, who was dependent and who would be left without any means of support except the little help' the family could give my sister. I agreed to this, and told Mr. Kiddy . . I would pay the premiums if the policy were assigned to me. This policy was assigned to me on or about May 24, 1930." This testimony was not substantially contradicted. As against the original beneficiary the assignment was absolute.

■ ·The insured, having by the terms of the policy the right of assignment and the right to change the beneficiary, and having assigned the policy to the nominated beneficiary, had no interest in the policy after assignment. *Ogletree* v. *Ogletree,* 127 *Ga.* 232 (55 S. E. 954); *Farmers State Bank* v. *Kelley,* 155 *Ga.* 733 (118 S. E. 197). In these circumstances the evidence demanded a finding against the claim of Barbara A. Kiddy for the amount of the policy. The court did not err in the charge to the jury, and in directing the verdict, and in overruling her motion for a new trial.

■ The error, dealt with in the second division above, in allowing two of the defendants six strikes each in selecting a jury, necessarily entered into the verdict complained of in the case of *New York Life Insurance Co.* v. *Hartford Accident & Indemnity Co.,* and necessarily entered into the decree based on the verdict

and rendered such verdict and decree nugatory. As the effect of a reversal in that case will result in the grant of a new trial, and as the evidence on another trial may not be the same, no ruling will be made as to the sufficiency of the evidence to support the verdict; or upon the motion to dismiss, depending on the evidence before the court and jury; or upon the question of whether the decree conforms to the verdict.

*Judgment reversed in Case No. 10643, and affirmed in Case No. 10644. All the Justices concur.*