40231.   ALMON v. CITIZENS & SOUTHERN NATIONAL
BANK et al.

DECIDED DECEMBER 4, 1963—REHEARING DENIED
DECEMBER 20, 1963.

*Harvey A. Clein,* for plaintiff in error.

*Shoob & McLain, Marvin H. Shoob, John H. Crutchfield,* contra.

BELL, Presiding Judge. ■ The second and third demurrers allege that the plaintiff failed to set forth in its petition the method for figuring the principal balance ($1,208.87) and the interest, and that paragraph 2 of the petition therefore constitutes a conclusion unsupported by the exhibits attached (the note and the letters giving notice of intent to sue.)

Good pleading requires only that the petition plainly and concisely state the *material ultimate facts* upon which the plaintiff depends for a recovery. As a general rule, the evidentiary facts upon which the plaintiff relies to prove the ultimate facts need

not and should not be set forth in the pleadings. *Lefkoff v. Sicro*, 189 Ga. 554 (10) (6 SE2d 687, 133 ALR 738); *Jackson v. Sanders*, 199 Ga. 222, 227 (33 SE2d 711, 159 ALR 638); *Guardian Life Ins. Co. v. McMichael*, 74 Ga. App. 53 (38 SE2d 689); *DeKalb County v. Brewer*, 107 Ga. App. 231, 233 (129 SE2d 540).

In *Galloway v. General Motors Acceptance Corp.*, 107 Ga. App. 334 (130 SE2d 176), this court recently held that: "The allegations of the petition which stated that the defendant was indebted to the plaintiff in the sum of $450.36 on a contract (a copy of which was attached to the petition as an exhibit), said sum being past due and unpaid, were sufficient to set forth a cause of action as against general demurrer (*J. C. Pirkle &c. Co. v. Lester*, 79 Ga. App. 512, 54 SE2d 298); *and were not subject to special demurrer upon the ground that it was not alleged what amounts the defendant had paid upon the automobile and when such payments were made. C. I. T. Corp. v. Davis*, 49 Ga. App. 634 (2) (176 SE 821)." (Emphasis supplied.)

■ Special demurrer 5 alleges that the note (which is the standard printed installment note form used by the Citizens & Southern system of banks) is too vague and indefinite to determine whether any sums are due. Special demurrer 6 criticizes that paragraph 3 of the petition alleging that the sums sued for are past due, unpaid, and that defendants have refused to pay, considered in relation to the Exhibits "B" and "C," the letters from the bank's attorney notifying defendants what is owed and that the bank plans to bring suit on the note, constitutes an unsupported conclusion.

The note, attached as an exhibit to the petition, shows on its face that the principal amount was $1,510 (in words) and that in the top left-hand corner (in figures) $135.90 is designated as interest due for the term. The $1,510 principal plus $135.90 interest equals $1,645.90, the sum of the prescribed 16 monthly installments of $100 each, plus one installment of $45.90. There is nothing vague or indefinite about that nor is paragraph 3 subject to the charge that the allegations are "unsupported conclusions." Under the rule of construction of notes in *Code* § 14-217, if there is a discrepancy between the words and the figures, the sum denoted by the words is the sum payable.

Since we are dealing with the original parties to the note, resolution of ambiguity or uncertainty would be a matter of proof. The correctness of the sums sued for was not contested in the evidence offered at the trial.

Special demurrers 5 and 6 were properly overruled.

■ Defendant Almon alleged in an oral motion that he was entitled to a severance from his codefendant as a matter of right because her plea and answer were prejudicial to him. She pleaded that he had left her destitute during their separation prior to execution of the note sued upon, so that the debt she incurred to the bank was for necessaries and that in their subsequent divorce decree, which was reduced to a judgment, Almon had specifically agreed to pay off this note. Almon cites no authority to support his claim of right to severance. We cannot agree that severance as a matter of right exists where the note sued on creates a joint and several obligation, as this note specifically provides. Further, the failure of Drake to serve copies of defensive pleadings is only a ground for a continuance under the terms of *Code Ann.* § 81-301.

■ The judgment was attacked by Almon because the jury awarded $145.06 interest, although the plaintiff's petition only sought $48. *Code* § 110-705 provides that: "a judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as a matter of form."

It has been held repeatedly that a judgment for a larger amount than sued for is not for that reason void; it is a mere irregularity. *Walker v. Turner*, 203 Ga. 525, 526 (3) (47 SE2d 504). See also: *Buice v. Lowman &c. Mining Co.*, 64 Ga. 769 (2); *Blain v. Hitch*, 70 Ga. 275 (3); *Philmon v. Marshall*, 116 Ga. 811, 812 (43 SE 48); *Johnston v. Sheppard*, 22 Ga. App. 206 (95 SE 743).

Plaintiff is entitled to recover only the $48 interest sued for, and the lower court erred in not conforming the judgment to the pleadings. See the host of cases annotated under *Code* § 6-1610, catchword "Write off."

■ Almon's oral motion to strike the answer of his codefendant is in the nature of a general demurrer. *Meads v. Williams*, 55 Ga. App. 224 (189 SE 718). He contends that his codefend-

ant's answer set up no defense in law as against plaintiff's petition.

Whether or not the defendant Almon had a right or status to attack the codefendant's answer by a motion to strike (which we neither consider nor decide), the codefendant's answer on its face refutes the contention of Almon as it categorically denies the validity of the note which forms the foundation of the bank's suit.

■ Defendant Almon filed a motion for new trial, on the general grounds only. No service was made on Jane Drake or her attorney, nor was she named as a party to the motion. Also, Drake was not notified that a brief of the evidence was to be presented to the court for approval. At the hearing on the brief of the evidence, Drake was present only for the purpose of making a motion to dismiss her codefendant's motion for new trial. Plaintiff also moved ore tenus to dismiss the motion on the ground that Jane Drake was not served.

*Code* § 70-306 provides that: "In all applications for a new trial the opposite party shall be served with a copy of the rule nisi, unless such copy is waived. . ." Here, there are no circumstances tending to support a waiver. Therefore, the crucial question becomes whether the codefendant Drake is an "opposite party" within the meaning of the statute.

In *Carmichael v. City of Jackson*, 194 Ga. 664, 669 (22 SE2d 470), intervening bondholders who had been made parties plaintiff and who were interested in protecting the legality of special assessments to pay off the bonds were not served with the motion for a new trial filed by the defendant who had failed to pay the assessments and had filed an affidavit of illegality of execution. At the close of the evidence the trial court directed a verdict against the defendant, who then filed a motion for new trial. The intervenors moved to dismiss the motion for new trial on the ground that it had not been served upon them or their attorney. The motion to dismiss was sustained and the defendant excepted. The Supreme Court, interpreting *Code* § 70-306 held: "The term 'opposite party,' as used in this section, will include all persons, if more than one, who were parties to the case and who are interested in sustaining the verdict." The court said further (p. 671) that if the intervenors were in fact made parties

plaintiff as indicated, then, in view of their alleged interest, they were entitled to be served with a copy of the rule nisi upon the motion for a new trial, as the "opposite party" within the meaning of *Code* § 70-306; and unless they were served or waived service, the judge did not err in dismissing the motion for new trial upon that ground.

As the trial judge held in his written order 'denying Almon's motion for a new trial; Drake had been held by the jury to be only secondarily liable. There is nothing in the record indicating that Almon is not solvent and able to pay the judgment rendered against him, as primarily liable, and if the judgment stands she in all likelihood will never have to pay any part of it and she does have a substantial interest in sustaining the judgment as rendered by the trial court. The trial court found, and we agree, that codefendant Drake does have an interest in sustaining the verdict of the jury and judgment of the court and was, therefore, a necessary party to the motion for new trial.

The trial court's action in dismissing Almon's motion for new trial for the reason that he did not cause his codefendant to be served is affirmed.

■ The exceptions to the overruling of the first and fourth demurrers are deemed abandoned as they were not argued by Almon in his brief.

The seventh demurrer was cured by an amendment to plaintiff's petition.

The judgment is affirmed on the condition that the plaintiff write off of the judgment the sum of $97.06 which represents the excess in interest allowed over that sought by the petition. See Division 4 of this opinion.

*Judgment affirmed on condition. Hall and Pannell, JJ., concur.*