## 52521. JONES v. THE STATE.

QUILLIAN, Judge.

The defendant appeals his conviction of burglary and aggravated assault. *Held:*

1. The evidence was sufficient to sustain the verdict.

2. One of the jurors stated that her father-in-law was a first cousin of the defendant's grandfather. The trial judge excused the juror for cause. See Code § 59-716 as amended (Ga. L. 1935, p. 396), and Code § 59-804. This is now assigned as error by the defendant.

It appears that the trial judge need not have stricken the juror for cause since she was not related within the sixth degree by consanguinity or affinity. For the proper method of making this determination see *Smith v. State,* 2 Ga. App. 574, 576 (59 SE 311); *Watkins v. State,* 125 Ga. 143, 144 (53 SE 1024); *Ethridge v. State,* 163 Ga. 186, 190 (136 SE 72); *Eaton v. Grindle,* 236 Ga. 324, 325 (223 SE2d 670). Nevertheless, this does not mean reversal must necessarily follow.

This court held in *Rucker v. State,* 135 Ga. App. 468, 470 (218 SE2d 146), "A party is entitled to an array of impartial jurors to which he may direct his peremptory

challenges. To this a party is entitled as of right. But granted this, a party is entitled to no more. Having no legal right to a jury which includes those who because of scruple or bias he thinks might favor his cause, he suffers no prejudice if jurors, even without sufficient cause, are excused by the judge. Only if a judge without justification overrules a challenge for cause and thus leaves on the panel a juror not impartial, does legal error occur. . . The entitlement of a party extends only to a fair and impartial jury; the right to reject, not select." See *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 160 (5) (141 SE2d 189). Moreover, the record reveals that the state had peremptory challenges remaining. Thus, it is clear that any error committed in excusing the juror for cause was harmless and would not require a new trial. See *Crosby v. State,* 43 Ga. App. 220 (1) (158 SE 633).

3. It is contended that the trial judge erred in failing to charge on criminal trespass. Under *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354), which we are bound to follow, it was not error to fail to charge on criminal trespass, in the absence of a written request. Accord *Burton v. State,* 137 Ga. App. 686 (2).

4. It is contended that the trial judge erred in preventing counsel for the defendant from questioning the prosecuting witness in order to show the "reputation" of his business establishment (the "Sugar Shack"). It is also urged that it was error for the trial judge to sustain an objection to defense counsel's argument. The record shows that objection was interposed after the following statement: "Now if he can sell whiskey and beer by the shot."

The defendant testified that one could buy whiskey or beer at the establishment "any time" at night. He stated in his version of the incident that he thought the place was open when he entered it. It is argued that defense counsel was entitled to comment upon the evidence.

We cannot agree with the contentions made. Under the circumstances here, the reputation of the "Sugar Shack" and whether its proprietor sold beer and whiskey was not relevant or material. The sole relevant fact was whether the establishment was open or not, with regard to

whether the defendant was authorized to enter it. See Criminal Code of Georgia § 26-1601 (Code Ann. § 26-1601; Ga. L. 1968, pp. 1249, 1287). The trial judge did not prohibit evidence or argument as to that fact. He did exclude evidence and argument as to the sale of whiskey at the "Sugar Shack."

"It is not error in a criminal trial to prevent defense counsel from making argumentative statements as to irrelevant matters." *Mitchell v. State,* 236 Ga. 251, 255 (223 SE2d 650). Accord, *Perry v. State,* 102 Ga. 365(13)(30 SE 903). Hence, no reversible error appears as to these grounds.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 13, 1976 — DECIDED OCTOBER 8, 1976.

*Peugh & Bradley, W. B. Bradley,* for appellant.
*Joseph H. Briley, District Attorney, Charles D. Newberry, Assistant District Attorney,* for appellee.