## 55133. COLLINS et al. v. COOPER.

BIRDSONG, Judge.

Cooper brought suit against the Collinses (Collins) who filed a third-party complaint against Mauldin. In striking the jury, the trial court allotted six peremptory strikes to Cooper and three each to Collins and Mauldin. Following an adverse jury verdict, Collins filed a motion for new trial, alleging, in addition to the general grounds, that the trial court erred in allocating the peremptory strikes as described above. On appeal, Collins alleges, in a single enumeration of error, that the trial court erred in overruling the motion for new trial. *Held:*

1. Appellants' challenge to the trial court's allocation of peremptory jury strikes is without merit for several reasons.

First, although this court has indicated, without holding, that ". . .the judge who has discretion to sever a third-party claim would also have the discretion to grant a third-party defendant six additional strikes" (*Mercer v. Braswell*, 140 Ga. App. 624, 626 (231 SE2d 431)), appellants have made absolutely no showing that a severance was sought or denied or that additional jury strikes were required, requested, or refused. Plainly, then, no abuse of discretion appears. Furthermore, we are aware of no statute or authority, and appellants cite none, in support of the proposition that impleading defendants are legally entitled to additional jury strikes. In fact, such a contention would appear to be controlled adversely by the holding of the Supreme Court of Georgia in *New York Life Ins. Co. v. Hartford Acc. &c. Co.,* 181 Ga. 55 (2) (181 SE 755), where the court stated: "[T]he statute in this State providing for a list of twenty-four jurors... authorizes only twelve strikes... *and makes no provision whereby interpleading defendants may consume the whole twelve strikes.*" (Emphasis supplied.) Id., p. 58.

Second, the trial court specifically found that, after the allocation of peremptory strikes to each party, ". . . the parties then proceeded to strike a jury on that basis, without any objection by any party." "In view of the foregoing we consider the waiver principle as applicable to the present case, in the absence of any objection before

the verdict in the nature of a challenge to the array." *Derryberry v. Higdon,* 116 Ga. App. 381, 383 (157 SE2d 559). Furthermore, "[w]here enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. [Cits.]" *Cauley v. State,* 137 Ga. App. 8141(1), 815 (224 SE2d 794).

Third, "[i]t is an old and sound rule that error to be reversible must be harmful. . . [Cit.]" *Burger Chef Systems v. Newton,* 126 Ga. App. 636, 639 (191 SE2d 479). Appellants have made no showing that they exhausted their allotment of peremptory strikes, or that they were in any way harmed by the circumstance that they were entitled to only three strikes.

2. As to the general grounds, "[a]n appeal with enumerations of error dependent upon a consideration of the evidence heard by the trial court will, absent a transcript, be affirmed. [Cits.]" *Chapman v. Conner,* 138 Ga. App. 518 (226 SE2d 625).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 18, 1978 — DECIDED APRIL 4, 1978.

*Albert B. Wallace,* for appellants.
*James D. Windham, Gerrilyn G. Brill,* for appellee.