## 33926. BRIDGES v. THE STATE.

MARSHALL, Justice.

Joseph Walter Bridges was convicted in the Pickens Superior Court of murdering Billy Franklin Ray. He was sentenced to life imprisonment. He appeals. We affirm.

The appellant Bridges is the husband of Billy Ray's former wife. Bridges and his wife had custody of four minor children, who were the issue of the wife's previous marriage to Ray. One of the children was being hospitalized at the Pickens County Hospital in July of 1977. Both Bridges and Ray were at the hospital, and they were quarreling about Bridges' treatment of Ray's children. There was an altercation between Bridges and Ray on the grounds of the hospital, which resulted in Bridges' fatally shooting Ray. Bridges claimed that Ray and his father, Luke Ray, who was also present at the scene of the shooting, had threatened him. He claimed that Luke Ray was carrying a gun. He claimed that he shot Billy Ray as he was moving toward him making threatening motions with a knife. There were, however, several eyewitnesses to the shooting whose testimony, along with other circumstances surrounding the shooting, authorized the jury in rejecting the defense of self-defense and finding the appellant guilty of murder.

1. It necessarily follows that the trial court did not err in overruling the appellant's motion for new trial on the general grounds. *Proctor v. State,* 235 Ga. 720 (221 SE2d 556) (1975). Enumeration of error 1 is without merit.

2. In Enumeration 2, the appellant argues that the trial court erred in not granting his motion for change of venue because at the commitment hearing the district attorney asked a witness whether he knew that the appellant had served time for homicide in Alabama. The appellant argues that in the small community in which the trial was held this assertion by the district attorney caused rumors of a prior homicide charge against the appellant to circulate and made it impossible for him to receive a fair trial.

We hold that the trial court did not abuse its discretion in overruling the motion for change of venue. The appellant did not make a showing that the pre-trial rumors were so widespread and adverse that the prospective jurors summoned to try the case could not lay aside their impressions and opinions and render a verdict based on the evidence. Compare, Irvin v. Doud, 366 U. S. 717 (81 SC 1639, 6 LE2d 751) (1961). Looking to the voir dire record of examination, we conclude that a fair and impartial jury was summoned to try the case. Furthermore, on voir dire the prospective jurors were carefully questioned to ensure that the jurors selected to try the case were not prejudiced by the rumors. See *Chenault v. State,* 234 Ga. 216 (5) (215 SE2d 223) (1975). This enumeration is without merit.

3. In Enumerations 3 and 4, the appellant argues that the trial court erred in refusing to strike venireman Carlan for cause, and in refusing to allow defense counsel to question Carlan as to whether he would require the accused to submit proof of his innocence in order to acquit him.

It appears from the record that the appellant did not exhaust all of his peremptory challenges. Therefore, we hold that the action of the trial court in disallowing the appellant's challenge of this prospective juror for cause was not prejudicial. *Foster v. State,* 240 Ga. 858 (2) (242 SE2d 600) (1978). The trial court's failure to strike the prospective juror Clark for cause, which is complained of in Enumeration 6, was not prejudicial for the same reason. These enumerations of error are without merit.

4. In Enumeration 5, the appellant argues that the trial court erred in curtailing his voir dire examination of venireman Quinton. Since Quinton was excused for cause by the trial court, the appellant could not have been harmed by the complained-of ruling. This enumeration of error is without merit.

5. In Enumeration 7, the appellant argues that the trial court erred in failing either to grant a mistrial or instruct the jury to disregard the testimony of an eyewitness to the shooting that after the shooting occurred he saw a woman approach the scene and he told her,

"Please don't go in there because a man just shot a man and he wants to shoot some more."

The testimony of the witness was an excited utterance or declaration which was so nearly connected with the shooting as to be free of all suspicion of device or afterthought and was, thus, admissible as part of the res gestae. Code § 38-305; *Hawes v. State,* 240 Ga. 327 (6) (240 SE2d 833) (1977) and cits.

6. In Enumeration 8, the appellant argues that the trial court erred in admitting, over objection, hearsay testimony given by the brother of the deceased. The witness testified that after the appellant shot the victim, he walked around him and kicked him in the head. This testimony was based on the witness' eyewitness observation of these events. It was not, therefore, hearsay. McCormick on Evidence, §§ 246-247 (2d Ed., 1972).

7. In Enumerations 9 and 10, the appellant argues that the trial court erred in overruling his motion for a mistrial when a witness for the state went into the witness room after he had testified and discussed his testimony with other witnesses, thus violating the sequestration rule.

The trial court heard testimony outside the presence of the jury concerning the alleged violation of the sequestration rule. It was determined that a witness for the state, who had arrived in court after the commencement of the trial and who had not been informed of the sequestration rule, returned to the witness room for about five minutes. However, the exact nature of the conversation was not disclosed. The trial court found that of all the witnesses who might have heard this conversation, only one of those witnesses had not testified. As it turned out, this witness was not called to testify.

In administering the sequestration rule, the trial judge is vested with a broad discretion which will not be controlled unless manifestly abused. *Watts v. State,* 239 Ga. 725 (3) (238 SE2d 894) (1977). We conclude that the trial court did not abuse its discretion in overruling the motion for mistrial on grounds of the sequestration-rule violation. This enumeration of error is without merit.

8. Enumeration 11, which is not supported by

argument or citation of authority, is deemed abandoned. Rules of the Supreme Court of the State of Georgia, Rule 18 (c) (2).

9. In Enumeration 12, the appellant argues that the trial court erred in allowing the district attorney to cross examine him as to his becoming violently upset and uttering opprobrious words to the judge when Billy Ray was given the right to visit his children. The appellant argues that this placed his character in issue.

We hold that the trial court did not err in allowing the district attorney to engage in this line of questioning on cross examination. It was undisputed that the altercation between the appellant and Billy Ray, which resulted in Billy Ray's death, was precipitated by a quarrel between the two of them concerning the appellant's treatment of the children. In view of this, the appellant's relationship with the children, Billy Ray's relationship with the children, and the appellant's and Ray's attitudes toward each other, were subjects of extensive questioning on direct examination of the appellant. On cross examination, the appellant was asked whether Billy Ray's visitation of the children bothered him, and he responded that it did not. In this manner, the door became open for the district attorney's cross examination of the appellant as to his reaction when Ray was granted visitation rights. This enumeration of error is without merit.

10. In Enumeration 13, the appellant contends that the trial court should not have allowed the district attorney to cross examine him as to whether he told a police officer to look for the gun which the appellant alleged to be in the possession of Luke Ray at the time of the shooting.

The appellant's contention that Luke Ray was in possession of a gun at the time of the shooting was part and parcel of his defense of self-defense. It was not improper for the district attorney to question him as to why he had not reported this to the investigating police officer. Cf., *Hill v. State,* 238 Ga. 354 (233 SE2d 182) (1977).[1]

---

[1]The testimony of the investigating police officers

The appellant also argues in this enumeration of error that other questions by the district attorney, as to why the appellant had not told other people of the gun which was allegedly in Luke Ray's possession, impinged upon the attorney-client privilege in violation of Code § 38-419. It appears from the transcript that none of the conversations about which the appellant was questioned was had with an attorney. Therefore, the attorney-client privilege is not applicable. This enumeration is without error.

11. Enumerations 14 through 29 relate to the trial court's instructions to the jury. We have reviewed the jury instructions and, taken as a whole, they represent a correct pronouncement of the law as applied to the facts of this case. These enumerations of error are, therefore, without merit.

12. As to the final two enumerations of error, which relate to the trial court's conduct of the trial, we find no abuse of discretion therein.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 11, 1978 — DECIDED SEPTEMBER 27, 1978.

*B. W. Crecelius,* for appellant.

*Frank C. Mills, III, District Attorney, Arthur K. Bolton, Attorney General, Michael R. Johnson, Assistant Attorney General,* for appellee.

shows that the appellant was taken into custody shortly after the shooting occurred. He was given his Miranda warnings, and he voluntarily proceeded to discuss his version of the events surrounding the shooting. Since the appellant thus waived his right to remain silent, we do not feel that the district attorney's cross examination of him as to why he did not inform the police of the gun allegedly in the possession of Luke Ray could rise to the level of a Miranda violation.