58380. SHEFFIELD et al. v. LEWIS et al.

SHULMAN, Judge.
This is an appeal from suit on a note which resulted in a judgment for the defendant Lewis.

1. The appellants enumerate as error the trial judge's excusing a juror for cause. There being no contention that the jury which was finally selected was not competent and unbiased, the allowing of a challenge for cause affords no ground for complaint. "This court held in *Rucker v. State,* 135 Ga. App. 468, 470 (218 SE2d 146), 'A party is entitled to an array of impartial jurors to which he may direct his peremptory challenges. To this a party is entitled as of right. But granted this, a party is entitled to no more. Having no legal right to a jury which includes those who because of scruple or bias he thinks might favor his cause, he suffers no prejudice if jurors, even without sufficient cause, are excused by the judge. Only if a judge without justification overrules a challenge for cause and thus leaves on the panel a juror not impartial, does legal error occur ... The entitlement of a party extends only to a fair and impartial jury; the right to reject, not select.' See *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 160 (5) (141 SE2d 189)." *Jones v. State,* 139 Ga. App. 824, 825 (229 SE2d 789).

2. The appellants also contend that the trial judge's allocation of peremptory strikes was error. However, for an error to be cause for reversal, it must be harmful. The record does not disclose that appellants exhausted all of their peremptory strikes and therefore under that which was held in *Collins v. Cooper,* 145 Ga. App. 559 (244 SE2d 95), this enumeration is without merit. See also *Foster v. State,* 240 Ga. 858 (242 SE2d 600); *Bridges v. State,* 242 Ga. 251 (248 SE2d 647).

3. Error is also assigned for the failure to grant the appellants' motion for a directed verdict. This

enumeration is without merit. The evidence was sufficient to present an issue for the jury as to whether the defendant Lewis gave a special agent specific instructions as to the circumstances under which the note was to be delivered to the appellants, and as to whether the appellants had knowledge of the specific instructions to the special agent.

4. The appellants assign error on the trial judge's failure to direct a verdict on the question of special agency and in charging the jury thereon. The evidence was sufficient to present an issue for the jury as to whether there was a special agency. "Questions of the existence and extent of an agent's authority are generally for the trier of fact. 1 Encyc. of Ga. L., Agency § 45 (1960)." *City of Gainesville v. Pritchett,* 129 Ga. App. 475, 476 (199 SE2d 889).

5. The remaining enumerations of error are without merit.

*Judgment affirmed. Smith and Birdsong, JJ., concur. Quillian, P. J., not participating.*

ARGUED SEPTEMBER 10, 1979 — DECIDED OCTOBER 2, 1979 — REHEARING DENIED OCTOBER 17, 1979 — 

*P. Joseph McGee,* for appellants.

*M. Cook Barwick, Gary L. Seacrest, R. M. Bernhardt, Frank J. Shannon, III,* for appellees.

William Earl Strother, Sr., William D. Stone, D. C. Jackson, III, *pro se.*