## 35762. SHEFFIELD et al. v. LEWIS et al.

BOWLES, Justice.

This case involved a suit on a note against multiple defendants. Defendant Lewis was represented by one attorney while other defendants were represented by another. At trial Lewis' attorney objected to sharing the three peremptory strikes allocated the defense, stating that "our status in this lawsuit is entirely different" from that of the other defendants. The trial court found defendants' interests to be adverse, and over plaintiffs' objections gave each set of represented defendants three strikes. Plaintiffs were allocated a total of three strikes. The court impaneled fifteen jurors from which a jury of six was struck to try the case. At the close of the evidence the court directed a verdict in favor of the plaintiffs against all defendants except Lewis. The jury delivered a verdict in favor of Lewis and plaintiffs appealed, enumerating as error, inter alia, the

allocation of the peremptory strikes. The Court of Appeals found that enumeration to be without merit. See *Sheffield v. Lewis,* 151 Ga. App. 801 (261 SE2d 726) (1979). We granted certiorari to consider the correctness of this ruling. We reverse.

I. This case is a single cause of action based on a single promissory note contended to be the joint obligation of the multiple defendants. In such a circumstance although defendants may have different defenses, the principal issue is liability on the note and defendants are not entitled to a severance. *Almon v. C. & S. Nat. Bank,* 108 Ga. App. 799 (134 SE2d 435) (1963). Therefore, the trial court in giving the defendants additional strikes created an unfair advantage in favor of the defendants which we cannot approve.

In 1879 this court in *Headman v. Rose,* 63 Ga. 458, 463 (1879) held that it was reversible error to permit both of the caveators to a will to have six peremptory strikes while allowing the administrator of the will to have only six even though the interests of the caveators were adverse. In reaching its decision this court concluded that granting additional strikes to one party to a suit is "in violation of the plain provisions of . . . the Code" which provides that each side to a suit may strike the panel alternately until the appropriate number of jurors remain. Thus the rule in Georgia for over a century has been that multiple parties receive the same number of peremptory challenges as an individual party. See *New York Life Ins. Co. v. Hartford Acc. &c. Co.,* 181 Ga. 55 (181 SE 755) (1935); *Pool v. Gramling, Spalding & Co.,* 88 Ga. 653 (16 SE 52) (1891); *Mercer v. Braswell,* 140 Ga. App. 624 (231 SE2d 431) (1976); *Ellis v. Geer,* 36 Ga. App. 519 (137 SE 290) (1927); Code Ann. § 59-704.

An exception to this rule has been held to apply when one of the parties has the right to sever. "The right to challenge and the right to sever go hand in hand." *Nobles v. State,* 12 Ga. App. 355, 356 (77 SE 184) (1912). In such a case each of the co-defendants is entitled to the same number of strikes they would have had as an individual party. For example, a trial judge may give more than the required number of peremptory strikes to co-defendants where one of them is a third-party defendant. In such a case the court could rightfully try the main action and the third party action separately. *Mercer v. Braswell,* supra.

Defendant Lewis argues that under Code Ann. § 81A-142 the trial judge had the discretion to sever "any claim, cross-claim, counterclaim, or third-party claim or . . . any separate issue" from the suit. Thus, defendant reasons, since the court had the discretion to sever, he also had the discretion to grant additional strikes. This argument assumes that there was more than one issue or claim in this case. However, the sole issue was whether Lewis and his

co-defendants were jointly liable on a note. Lewis does not aver that there is any issue to be tried in this suit other than the liability of the defendants nor does the evidence show that any of the defendants made a motion to sever. Rather, Lewis contends that because "the bases of the defenses were totally unrelated" the judge *in his discretion* could have severed his defense and, correspondingly, the judge *in his discretion* could have granted Lewis additional strikes. We find this argument to be without merit. The Code does not provide for severance where there is a single issue to be tried but more than one defense presented.[1]

II. Lewis concedes that under the rationale of *Mercer v. Braswell,* supra, and the cases cited therein that the trial court may have erred in granting him additional strikes, but argues that a reversal is not mandated unless the plaintiffs can show that they were harmed by receiving fewer strikes. Lewis cites *Collins v. Cooper,* 145 Ga. App. 559 (244 SE2d 95) (1978); *Foster v. State,* 240 Ga. 858 (242 SE2d 600) (1978) and *Bridges v. State,* 242 Ga. 251 (248 SE2d 647) (1978), relied on by the Court of Appeals in their opinion in *Sheffield v. Lewis,* supra, as authority for this argument.

In *Collins v. Cooper* plaintiff sued Collins who filed a third party complaint against Mauldin. The trial court gave plaintiff six peremptory strikes and three each to Collins and Mauldin. Following an adverse jury verdict Collins appealed, claiming that under *Mercer v. Braswell,* supra, he was entitled to six peremptory challenges. The Court of Appeals affirmed, finding that no severance was sought nor were any additional strikes requested. The court further concluded that there is no authority for the proposition that impleading defendants are legally entitled to additional jury strikes and then went on to say that "[a]ppellants have made no showing that they exhausted their allotment of peremptory strikes, or that they were in any way harmed by the circumstances that they were entitled to only three strikes." The Court of Appeals cited no authority for these propositions. We conclude that they are *obiter dictum* not necessary to a decision in that case, and which we are not bound to follow. The Court of Appeals could have correctly found that Collins was not entitled to additional strikes without requiring Collins to show that he was harmed by receiving fewer strikes than the plaintiff.

In both *Foster* and *Bridges,* supra, the defendants charged as

---

[1]We note two defendants cannot divide three strikes without agreement. Perhaps it would have been proper to grant defendants additional strikes sufficient to be equally divisible by the number of defendants and at the same time allot the opposite party an equal increase in order to balance the number on each side.

error the failure of the court to strike for cause a prospective juror. In each case we held that where the record does not show that a party has to exhaust his peremptory strikes in order to exclude a juror properly challenged for cause, the error is not harmful. A party could cure the result of a challenge for cause improperly overruled by striking the juror peremptorily. Only if a party must deplete his peremptory strikes to exclude an improperly seated juror is he considered harmed.

A different situation arises when multiple parties to a suit receive more strikes than their adversary. The party receiving fewer strikes cannot cure the imbalance and error caused thereby by exercising either all of his strikes or none of them. His adversaries will clearly have an advantage. They will have the power to select a jury presumably balanced in their favor by challenging a greater number of jurors, regardless of whether the opposite party uses all of his strikes or not.

We cannot say in this case that it was not reversible error to grant defendants more strikes than were given to plaintiffs. We also cannot say that in every case it would be reversible error to do so as there may be cases in which this court could conclude, as a matter of law, that it was highly probable that the error did not contribute to the judgment. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

III. Defendant Lewis cites to us a number of cases[2] from other jurisdictions which, like Georgia, generally forbid giving additional strikes to multiple parties, but which permit a court to grant more strikes where the multiple parties can show that their interests are adverse. In each of these cases a plaintiff brought suit against multiple defendants not knowing if one or more or all of them had caused his injury. The court in each instance concluded that since the interests of the defendants were antagonistic, each defendant would be entitled to the same number of strikes he would have if he were the only defendant.

In *Mercer v. Braswell,* supra, plaintiffs sued two defendants, unsure of which one caused the wrongful death of their daughter. The Court of Appeals held that it was error for the trial court to grant defendants additional strikes despite their adverse positions since there was no right to sever.

In *New York Life Ins. Co. v. Hartford Acc. &c. Co.,* and in *Headman v. Rose,* supra, this court held that it was error to give

---

[2]Kudrna v. Comet Corp., 572 P2d 183 (Mont. 1977); Reno v. Heineman, 224 NW2d 687 (Mich. 1974); Staiger v. Gaarder, 258 NW2d 641 (N.D. 1977); Massoni v. State Hwy. Comm., 522 P2d 973 (Kan. 1974).

multiple parties additional strikes regardless of their adverse interests.

We acknowledge that other jurisdictions may grant multiple parties more peremptory strikes than they are ordinarily entitled to when the court determines that the parties' interests are adverse. However, the courts in Georgia have specifically declined to adopt this exception to the general rule.

IV. Defendant cites Commonwealth v. Vecchiolli, 224 A2d 96 (Pa. 1967) in support of his argument that there is no inherent unfairness in granting multiple parties additional peremptory challenges. However, in that case the Supreme Court of Pennsylvania held that a husband and wife jointly indicted for the crime of assault with intent to rob were only entitled to the same number of peremptory strikes as a single defendant. We find that this case supports our position rather than that of defendant.

V. We have considered the cases in defendant's supplemental brief and have concluded that they do not require a different result. In *Rucker v. State*, 135 Ga. App. 468 (218 SE2d 146) (1975) the complaining party wanted more strikes than the statute allowed. Finally, because, as stated above, a distinction exists between a *trial judge* erroneously excusing a juror for cause and an *opposite party* being granted more peremptory strikes than he is entitled to, we conclude that *Jones v. State*, 139 Ga. App. 824 (229 SE2d 789) (1976) is inapplicable.

*Judgment reversed as to defendant Lewis. All the Justices concur, except Hill, J., who concurs specially, Jordan, P. J., who concurs in the judgment only, and Nichols, J., who dissents.*

ARGUED FEBRUARY 11, 1980 — DECIDED MAY 27, 1980 — REHEARING DENIED JUNE 11, 1980.

*P. Joseph McGee*, for appellants.
*M. Cook Barwick, Gary L. Seacrest, R. M. Bernhardt, D. W. Latimore, Jr., James T. Perry*, for appellees.

HILL, Justice, concurring specially.

I concur in the majority opinion and add this comment only to point out what, I understand, the opinion does not hold. The majority opinion holds that at a trial based on a single cause of action against multiple defendants not entitled to severance as a matter of law, it was error to award the defendants a total of more peremptory strikes than were allowed to the plaintiff. Neither the majority opinion nor the cited cases hold that at a trial against

multiple defendants it would be error to grant additional peremptory strikes to the defendants matched by an equal number of additional strikes granted to the plaintiff (see fn. 1 to the majority opinion). Because the majority opinion does not limit the trial judge's discretion to allow an equal number of additional strikes to both plaintiff on the one hand and defendants on the other, I join the opinion.

NICHOLS, Justice, dissenting.

The majority use the "highly probable test" to conclude as a matter of law that the error was harmful; hence, that the judgment should be reversed. The harm perceived by the majority is "the power [of the defendants] to select a jury presumably balanced in . . . [the defendants'] favor by challenging a greater number of jurors." I would apply the same test to affirm because I am strongly of the opinion that it is highly probable that giving the defendants three strikes more than the plaintiffs did not contribute to the verdict. Particularly is affirmance suggested as the proper result by the fact that the record and transcript are silent as to whether or not the plaintiffs even bothered to expend the three strikes they had. If (as we must presume) the plaintiffs did not utilize their strikes then they are at least partially responsible for any imbalance of the jury in favor of the defendants.