71987. KELLER INDUSTRIES, INC. v. SUMMERS ROOFING COMPANY, INC. et al.
(346 SE2d 99)

MCMURRAY, Presiding Judge.

Defendant and third-party plaintiff, Elton Lewis d/b/a Lewis Remodeling ("Lewis"), entered into two contracts with third-party defendant, Keller Industries, Inc. ("Keller"), for the repair and improvement of Keller's manufacturing facility in Rome, Georgia. One contract called upon Lewis to repair Keller's roof and the other contract required Lewis to paint Keller's plant. Lewis undertook the performance of the painting contract on his own. Lewis entered into a subcontract with Summers Roofing Co., Inc. d/b/a Joe Summers Roofing ("Summers"), however, for the repair of Keller's roof.

When a dispute arose concerning the performance of the roofing contract, Keller refused full payment and both Lewis and Summers filed materialman's liens against Keller's property. Thereafter, Summers brought suit against Lewis alleging that it fully performed the subcontract and that Lewis was indebted to it pursuant to the sub-

contract in the amount of $19,834. Lewis answered the complaint and denied the material allegations thereof. Then Lewis filed a third-party complaint against Keller. In the third-party action, Lewis alleged that he completed the roofing contract and that Keller was liable to him for all sums which may be awarded in favor of Summers and against him. Additionally, Lewis asserted that Keller was liable to him pursuant to the roofing contract in the amount of $21,441.34. In the meantime, Summers amended its complaint to assert a claim directly against Keller.

Keller responded by denying that it was liable to either Summers or Lewis. Keller also counterclaimed against Lewis. The counterclaim was couched in two counts. In Count 1, Keller sought damages against Lewis for the alleged breach of the roofing contract; in Count 2, Keller sought damages against Lewis for the alleged breach of the painting contract.

Following discovery, Summers filed a motion for summary judgment with regard to its claims against Lewis and Keller. The trial court granted the summary judgment motion with regard to the claim against Lewis; however, it denied the summary judgment motion with regard to the claim against Keller. The case proceeded to trial and a verdict was returned by the jury in favor of Summers and Lewis and against Keller in the amount of $19,834. Judgment was entered in accordance with the verdict and Keller filed a motion for new trial. This appeal followed the denial of Keller's new trial motion. *Held*:

1. As the trial began, counsel for Keller requested that it be allotted six peremptory jury challenges of its own. The trial court refused Keller's request ruling that Keller would have to share six peremptory strikes with Lewis. (Summers was given six peremptory strikes of its own.) Keller's counsel urged the court to reconsider. He argued that the interests of Keller and Lewis were adverse; that the third-party claim was severable; and that, therefore, the court could grant additional strikes in its discretion. The court simply responded: "Well, if it's in the discretion — I just don't have enough jurors, that's the problem." Thereupon, counsel for Keller urged the court to divide all 12 peremptory challenges evenly among Summers, Lewis and Keller. Summers objected to such a procedure and the court refused to implement it. After the jury was impaneled the following colloquy took place between counsel for Keller and the court: "MS. BARWICK: Your Honor, with regard to the ruling on jury strikes, if we may we would like to make a showing that had we had additional strikes we would have struck three (3) additional jurors, number 14, 6, and 1, and we would take exception to your ruling on the jury strikes. THE COURT: The Court has ruled, Ms. Barwick, and that's the way it is. It appears to me that unless you can show me something it's purely discretionary. Purely discretionary. So, we may make some law on it

but I make it every day."

In its first two enumerations of error, Keller contends the trial court erred in its handling of Keller's peremptory challenge requests. We agree. Where, as here, a third-party claim can be severed, OCGA § 9-11-42 (b), the trial court may grant additional strikes to the defendants in the exercise of a legal discretion. *Sheffield v. Lewis*, 246 Ga. 19, 20 (268 SE2d 615); *State Hwy. Dept. v. Eagle Constr. Co.*, 125 Ga. App. 678, 681 (4) (188 SE2d 810); *Mercer v. Braswell*, 140 Ga. App. 624, 626 (231 SE2d 431). A legal discretion " 'means a sound discretion, that is to say, a discretion exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.' *Langnes v. Green*, 282 U. S. 531, 541 (51 SC 243, 75 LE 520). And see *Miller v. Wallace*, 76 Ga. 479, 484 (2 ASR 48)." *American Liberty Ins. Co. v. Sanders*, 120 Ga. App. 202, 210 (170 SE2d 249), rev'd on other grounds, *Sanders v. American Liberty Ins. Co.*, 225 Ga. 796 (171 SE2d 539). Here the trial court was urged to exercise its discretion and award additional peremptory challenges and it declined stating: "Well if it's in the discretion — I just don't have enough jurors, that's the problem."

The question before the trial court was whether Keller should have been awarded additional peremptory challenges to ensure a fair trial by an impartial jury. In ruling upon that question, the court should consider the posture of the case, the respective claims of the parties and the adverse nature of those claims. The number of jurors which were available to the court had no bearing upon the question which Keller presented to the court. In this regard we note that if additional jurors were needed to accommodate Keller the court should have summoned tales jurors. See OCGA § 15-12-124.

It cannot be said that the circumstances of the case *demanded* a refusal to grant additional peremptory strikes to Keller. *Sheffield v. Lewis*, 246 Ga. 19, 20, supra. Nor can it be said that Keller was not harmed since the record shows that it depleted its peremptory strikes and would have stricken additional jurors if it had the opportunity to do so. See *Sheffield v. Lewis*, 246 Ga. 19, 21-22, supra. Compare *Collins v. Cooper*, 145 Ga. App. 559, 560 (244 SE2d 95). Accordingly, we must reverse the judgment in order for the trial court to rehear the matter presented by Keller and pass upon it on its merits. *American Liberty Ins. Co. v. Sanders*, 120 Ga. App. 202, 210, supra.

2. In light of the evidence (albeit conflicting) that Keller required portions of the work to be completed in a specified manner and that Lewis complied with the specifications, it cannot be said that the trial court erred in giving Lewis' second and third requests to charge. See *Kent v. Hunt & Assoc.*, 165 Ga. App. 169, 170 (3) (299 SE2d 123); *Bettis v. Comfort Control*, 115 Ga. App. 104 (153 SE2d 678). The

third enumeration of error is without merit.

3. The trial court did not err in refusing to grant Keller a new trial on the general grounds. The fourth enumeration of error is not meritorious.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED JUNE 5, 1986.

*A. L. Mullins, Jr., Jane C. Barwick*, for appellant.
*David R. Autry, Charles C. Black*, for appellees.