### 46560. SYKES v. THE STATE.
(377 SE2d 155)

SMITH, Justice.

Appellant Jimmy Sykes was convicted of felony murder, armed

robbery, kidnapping, and possession of a weapon during the commission of a felony. He was sentenced to life imprisonment on the felony murder charge. The armed robbery and kidnapping charges were merged with the felony murder charge, and he received a consecutive five-year sentence on the possession charge. The trial court denied the appellant's motion for new trial after it found that the evidence was sufficient to sustain the verdict. We affirm.[1]

After bar-hopping, the appellant and his co-defendants, Thomas and Charles Clark, stopped at a convenience store and began a conversation with the victim, Herbert Carter III. The victim had made his purchase with a $20 bill. The victim had been seen earlier in the evening drinking and displaying approximately $850 in cash. After some conversation, the victim entered an automobile with the appellant and his co-defendants, and the appellant said: "We're going to take you out there on I-16 and rob you and let you go." Later, the appellant demanded the victim's money at knife point, and told Charles Clark to stop the car. The appellant, the victim, and Thomas Clark exited the car; however, approximately 15 minutes later the appellant and Thomas Clark returned to the car without the victim. Charles Clark testified that the appellant gave him $100. He also testified that the appellant said, "You should have seen the look on that -------'- eyes when I stuck him."

The body of the victim was found on I-16. The cause of death was determined to be a stab wound.

The appellant admitted taking the victim's money and sharing it with his co-defendants but denied killing the victim.

The appellant contends that the evidence presented at the trial was insufficient to permit the jury to find him guilty as charged.

We find that the evidence produced at trial was sufficient to have authorized a rational trier of fact to conclude that the appellant was guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 1989.

*Duffy & Feemster, P. C., William A. Dowell*, for appellant.
*Spencer Lawton, Jr., District Attorney, John E. Morse, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Leo-*

---

[1] The crimes were committed on March 29, 1986. He was indicted on July 2, 1986. The Chatham County jury returned its verdict of guilty on January 7, 1988. A motion for new trial was filed on February 8, 1988. The motion was denied on September 21, 1988. The transcript of evidence was filed on November 2, 1988. The notice of appeal was filed on October 18, 1988. The record was docketed in this court on January 4, 1989. The case was submitted on briefs on February 17, 1989.

*nora Grant*, for appellee.