### 46652. CLARK v. THE STATE.
(386 SE2d 34)

Bell, Justice.

The appellant, Thomas A. Clark, was convicted and sentenced to terms of imprisonment for malice murder, armed robbery, aggravated assault, and possession of a knife during the commission of a crime. Clark appeals, and we affirm.[1]

The victim, Herbert Carter, got into a car with Clark and two other men, and the four men drove to another location. During the ride Clark, who had been in a drunken sleep, awoke and drew a knife on Carter. When the car stopped, Clark and another man, Jimmy Sykes, got out of the car with Carter, and the three men walked away. Clark and Sykes returned without Carter, but with his money. Clark admitted in an in-custody statement, but denied at trial, that once they got out of the car he chased Carter down and stabbed him twice.

1. One of the charges that Clark was indicted for was kidnapping with bodily injury, but the jury convicted Clark of the lesser-included offense of aggravated assault. In his first enumeration, Clark contends that the court erred by failing to grant his motion for a directed verdict of acquittal concerning the charge of kidnapping with bodily injury. We find that Clark's arguments in this regard have no merit.

Clark also contends that his conviction of aggravated assault should have merged into his conviction for malice murder. This contention is unsupported by argument or citation of authority, and we

---

[1] The offenses were committed on March 29, 1986. The grand jury of Chatham Superior Court for the term of June 1986 returned a four-count indictment against Clark, charging him with malice murder, armed robbery, kidnapping with bodily injury, and possession of a knife during the commission of a felony. The trial began on July 21, 1987, and the jury returned a verdict on July 24. The court sentenced Clark on August 10, 1987, ordering him to serve consecutive terms of life, life, 10 years, and 5 years. On September 2, 1987, Clark moved for a new trial. The court reporter certified the trial transcript on December 15, 1987, and on September 21, 1987, the court denied the motion for new trial. Clark filed a notice of appeal on October 18, 1988. The clerk of superior court certified the record on January 31, 1989, and the clerk of this court docketed the appeal on February 2, 1989. The appeal was submitted for decision on briefs on March 17, 1989.

In Sykes v. State, 259 Ga. 86 (377 SE2d 155) (1989), we affirmed the conviction and sentence of Clark's co-defendant, Jimmy Sykes.

therefore deem it abandoned under Georgia Supreme Court Rule 45.

2. In his second enumeration, Clark asserts that the court erred by allowing the prosecutor to introduce a pretrial statement by him that the prosecutor did not provide him before trial. Clark gave three pretrial statements to the police: a taped statement; a written statement; and an oral statement documented only by an investigator's notes. In all three statements Clark admitted to stabbing Carter, but only in the statement documented by notes did he describe the particular knife he used.

Clark filed a request under OCGA § 17-7-210 for any statements made by him before trial. The prosecutor provided two of the statements, but failed to provide the statement documented by notes. At trial the state introduced the statement documented by notes, and Clark moved for a mistrial, which the trial court denied.

This enumeration has no merit. Although the statement documented by notes incriminated Clark, we find that the statement did not substantially add to evidence already presented to the jury that tended to prove his guilt, including Clark's two other statements and testimony by the fourth man who was present (Clark's brother) that Clark had the knife on the night of the murder. We therefore hold that the introduction of the statement documented by notes was harmless. *Talley v. State*, 251 Ga. 42, 43 (302 SE2d 355) (1983).

3. In his final enumeration, Clark contends that the trial court abused its discretion by removing a juror and replacing the juror with an alternate after the presentation of evidence began. Pretermitting whether the court abused its discretion, we find that the appellant was not prejudiced by the removal of the juror. See *Jones v. State*, 139 Ga. App. 824 (2) (229 SE2d 789) (1976); *Rucker v. State*, 135 Ga. App. 468 (2) (218 SE2d 146) (1975). We therefore hold that this enumeration presents no reversible error.

4. There was sufficient evidence to enable a rational trier of fact to find proof of the appellant's guilt beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 30, 1989.

*Charles C. Grile,* for appellant.
*Spencer Lawton, Jr., District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.